Imboden v. Cully.

CASE 7—APPEAL TO CIRCUIT COURT—FEBRUARY 9.

# Imboden v. Cully.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

1. AN APPEAL LIES FROM THE DECISION OF THE CONTESTING BOARD OF ELECTIONS at the instance of any person in interest feeling himself aggrieved; and the fact that upon the decision of the contesting board finding the vote to be a tie, the right to office was determined by lot, as provided by statute, does not deprive the unsuccessful candidate of the right of appeal from the decision of the board by which the vote was found to be a tie.

2. THE FINDING OF THE LOWER COURT THAT A CERTAIN VOTER WAS OF LEGAL AGE will not be disturbed, the testimony being conflicting, and especially when the preponderance of the proof sustains the decision.

BLUE & BLUE FOR APPELLANT.

1. Appellee, having consented to the settlement by lot, was estopped from asserting any further right to the office, and under the circumstances the circuit court had no jurisdiction to review the decision of the contesting board.

2. The court erred in sustaining the vote of Thomas Kemp, as the evidence shows he was not twenty-one years of age at the time of the election.

F. J. IMBODEN OF COUNSEL ON SAME SIDE.

NUNN & CRUCE FOR APPELLEE.

Brief not in record.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The right to the office of justice of the peace in Bell's Mines precinct, in Crittenden county, Kentucky, is involved on this appeal. Cully, the appellee, over his objection, was deprived of four votes, on the ground of alleged illegality, by the contesting board of elections, and when his total vote was counted after it was thus reduced the vote between his opponent, Imboden, and himself was found to be a tie. Whereupon the

right to the office was determined by lot in the following manner, namely: "Ten slips of paper were prepared, each having a number written on them, folded up, and placed in a hat, and well shaken; after which A. J. Pickens was selected by the contestant, and H. A. Haynes for the contestee, to draw out said slips;" and it appeared from a count of said drawing that the contestant "had drawn fifty-three and the contestee forty-eight in number, which gave the contestant, Imboden, the greatest number by five." He was thereupon adjudged to be duly entitled to the office by said board. Cully appealed from this decision to the Crittenden Circuit Court, and there he was adjudged to be entitled to one of the four votes denied him by the lower tribunal, and was, therefore, declared elected by a majority of one vote. Imboden now brings the case to this court, insisting that Cully "having agreed to this method of settling the question as to his right to said office, is thereby estopped from asserting any further right," and that the circuit court had no jurisdiction of his appeal. We do not so understand the law.

We do not find that the appellee made any agreement on the subject. The law pointed out the course to be pursued in case of a tie, and the board adopted it. The circuit court, under the express language of the statute (section 6, article 7, chapter 33, General Statutes), is given jurisdiction on appeal from the decision of the board, at the instance of any person in interest feeling himself aggrieved.

The board had deprived Cully of four votes; he felt "himself aggrieved" thereby, and had a clear right of appeal:

The appellant also insists that the vote of Thomas Kemp, which was counted for appellee in the circuit court, was an illegal vote. Kemp himself proves that he was born on July 4, 1869, and was, therefore, twenty-one years of age in July before the election. It may be true, as seriously asserted by counsel of appellant, that this is hearsay testimony; it could not well be otherwise; but he is corroborated by Taylor, one of the judges of the election, who had known him since his birth, and who knew that he was born in 1869, because it was the year witness had moved to the place on which he then lived. That he was born in 1870 was testified to by an uncle of Kemp, who compared his age with that of his daughter; but we can not upturn the finding of the lower court on the facts of the case, especially when the preponderation of the proof sustains the decision.

The judgment is affirmed.