[S. F. No. 3231.  In Bank.—December 20, 1902.]

J. M. CARTER, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY, Respondent.

MUNICIPAL CORPORATIONS—ELECTION OF OFFICERS—JUDICIAL DETERMINATION BY COUNCIL—CONSTITUTIONAL LAW.—The provisions of the constitution relative to the jurisdiction of courts do not disable the legislature, in creating municipal corporations, from providing that the city council shall be the final and exclusive judge of the election of all municipal officers.

ID.—CHARTER OF SANTA ROSA—EXCLUSIVE JURISDICTION OF COUNCIL.— Under the existing municipal charter of the city of Santa Rosa, as amended in 1876, the determination by the common council of all contests of election for city offices is made final and conclusive, and its jurisdiction to determine such contests is exclusive.

ID.—PROHIBITION TO SUPERIOR COURT. — Prohibition will lie to the superior court to prevent the hearing of a contest for a municipal office, of which the city council is given exclusive jurisdiction under its charter.

PROHIBITION to the Superior Court of Sonoma County. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

Emmet Seawell, J. R. Leppo, and W. F. Cowan, for Petitioner.

Robert W. Miller, for Respondent.

THE COURT.—Prohibition.   The petition alleges that plaintiff was duly elected city treasurer of the city of Santa Rosa at the election held on April 2, 1902, in said city, at which election C. M. Bumbaugh was a candidate for the same office; that a certificate of election was issued to plaintiff by the city council after having duly canvassed the returns of said election, and he duly qualified, and thereupon became, and ever since has been, the duly elected and qualified city treasurer for the term of two years from and after April 9, 1902.   It further appears that Bumbaugh, on April 7, 1902, commenced proceedings before the common council to contest the election of petitioner and afterwards,—to wit, on April 18, 1902,—commenced proceedings for the same purpose in the superior court, but took no further action to pursue his contest before the common council.   It is alleged in the petition that the superior court is without jurisdiction, and that it will, unless prohibited by the court, proceed to hear and·determine said matter.

It is contended by petitioner that the statutes of this state have conferred final and conclusive jurisdiction on the common council to determine all contested city elections and that such jurisdiction is exclusive.

Respondent contends,—1. That the legislation conferring judicial functions on the common council is violative of the state constitution; 2. If not in derogation of the constitution, the ·power is but permissive, and the jurisdiction conferred. is concurrent and cumulative with the jurisdiction given to the courts by the constitution and laws; and 3. If the juris-

diction conferred upon the council is exclusive, then the charter act was superseded by the adoption of the constitution of 1879, which at least conferred concurrent jurisdiction upon the superior courts.

In cases of contests of election the act of 1872 (sec. 8, incorporating the city of Santa Rosa) authorized and directed the board of trustees "to notify the parties of the time and place of hearing to hear testimony, to examine witnesses and the ballots of said election, and to determine between said contestants, which decision and determination shall be entered on the minutes of the board and shall be final. . . ." (Stats. 1872, p. 628.) On March 13, 1876, the legislature amended the act of 1872, and by section 9 re-enacted section 8 of that act, conferring like powers on the common council, and declared that their decision in election contests between city officers should be "final and conclusive." (Stats. 1875-1876, p. 251; in effect from its passage.) Section 1111 of the Code of Civil Procedure was enacted March 11, 1876, and took effect May 10, 1876, and provides that "any elector of a county, city and county, city, or of any political subdivision of either, may contest the right of any person declared elected to an office to be exercised therein, for any of the following causes," etc. The section points out the procedure and the powers and duties of the superior court in such cases and gives an appeal to the supreme court.

Petitioner claims that the jurisdiction of the common council was, by the acts above cited, made exclusive; and that as the charter provision was subsequent to the passage of the general law, (Code Civ. Proc., sec. 1111,) the former is operative. It is also contended by respondent that the subject-matter is a municipal affair, and if section 1111 had previously controlled the charter provision, the amendment to section 6 of article XI of the constitution of 1879, adopted in 1895, revived all charter provisions relating to municipal affairs. Furthermore, that general laws inconsistent with special provisions of the charter are not applicable. (*People v. Hill,* 125 Cal. 16; *People v. Williamson,* 135 Cal. 415.)

Mr. Dillon says: "A constitutional provision that the judicial power of the state shall be vested in a supreme court and inferior courts does not disable the legislature, in creating municipal corporations, from providing that the city council

shall be the judge of the election of its mayor, members, and other officers, and from prohibiting the ordinary courts of justice from inquiring into the validity of the determination of the city council.'' (1 Dillon on Municipal Corporations, sec. 200.) In further discussion of the subject the author puts the question: ''What effect do such provisions have upon the jurisdiction of the superior courts?'' ''The answer,'' says the author, ''must depend upon the language in which the provisions are couched, viewed in the light of the general laws of the state on the subject of contested elections and *quo warranto.* The principle is, that the jurisdiction of the court remains, unless it appears with unequivocal certainty that the legislature intended to take it away.'' It is then stated that language such as ''shall be the judges of the qualifications'' or ''of the qualifications and election of its own members,'' and of those of the other officers of the corporation, will not ordinarily have that effect, but will be construed to afford a cumulative or primary tribunal only, not an exclusive one. A provision that no court should take cognizance of election cases by *quo warranto,* etc., would doubtless be sufficient to divest the jurisdiction of the judicial tribunals. And so, in general, of a provision that the council should have the sole or the final power of deciding elections.'' (1 Dillon on Municipal Corporations, sec. 202; see, also, secs. 203, 204, 205.)

The cases cited by the author, as well as other cases we have examined, sustain the text. And the rule would not depend in any way upon the question whether the determination of the result of an election is a ''municipal affair'' within the meaning of our constitution. That question is therefore immaterial.

Respondent relies on *People* v. *Bingham,* 82 Cal. 240, (which was *quo warranto,*) apparently overruling *People* v. *Metzker,* 47 Cal. 525. In both of those cases the language of the consolidation act in the one and the charter of Los Angeles in the other, was, ''Shall judge of the qualifications, elections, and returns of their own members.'' The language of the Santa Rosa charter is, that the determination ''shall be final and conclusive.'' The statutes referred to present the very distinction made by Mr. Dillon. Conceding that *People* v. *Bingham* was rightly decided, it cannot rule this case. We

think the language of the charter in question plainly manifests a legislative intent to confer exclusive jurisdiction on the council.

In *Selleck* v. *Common Council,* 40 Conn. 359, the statute read: "The board of councilmen for the city of South Norwalk shall be the final judges of the election and returns and of the validity of elections and qualifications of its own members." The court said: "By the use of the word 'final' the legislature intended to divest the superior court of jurisdiction in such cases and make the common council the sole tribunal to determine the legality of the election of its members." (Citing numerous cases.)

*Linegar* v. *Rittenhouse,* 94 Ill. 208, was a case where the statute made the city council the judge of the election and qualification of its own members, and it was held that the county courts had no jurisdiction to determine a contest in respect of the office of alderman. The court said: "The manner of contesting election is prescribed alone by statute. The jurisdiction, the mode of trial, and the whole contest is purely statutory, and is not regulated or governed by the common law. At the common law it was not a judicial proceeding except in a proceeding in the nature of *quo warranto,* in which evidence was heard, and the court determined whether the defendant was entitled to the office; if it was found he was a usurper he was ousted; but it was only by such proceeding that the courts interfered in such contests." We see no good reason why the legislature may not commit to the city council the determination of the question, in cases of contest, as to who has been legally chosen to be an officer of such city and also to make such determination exclusive.

Superior courts are given jurisdiction to issue writs of *quo warranto* by the constitution (art. VI, sec. 5) and by statute (Code Civ. Proc., sec. 76). Whether the jurisdiction of the city council in contest cases is exclusive of the jurisdiction given the superior court by *quo warranto,* and whether the determination in the former case would be a bar to proceedings by *quo warranto,* is a question not necessarily involved.

The only question is as to whether the jurisdiction given to the common council to hear and determine the contest of the election involved is exclusive of the general jurisdiction given the superior court in election contest cases. And as to this

question we are clearly of the opinion that the jurisdiction given the common council is exclusive. (See the subject discussed in 1 Dillon on Municipal Corporations, sec. 891, and note; and see, also, the same, sections 200 et seq.).

Let the writ issue.

Beatty, C. J., did not participate in the foregoing decision.