[Sac. No. 1157. In Bank.—January 11, 1904.]

## WILLIAM SWEENY, Respondent, v. GEORGE L. ADAMS, Appellant.

ELECTION CONTEST—DECLARATION OF ELECTION—FAILURE TO QUALIFY.— No other right is involved in a contest of "the right of a person declared elected to any office" than the apparent legal right which is created by the declaration of the canvassing board that such person has been elected. The contest attacks the election itself, and is not concerned with the certificate of election or the proceedings subsequent thereto; and the jurisdiction of the court to entertain, or the right of the elector to commence, the contest, is not in any manner affected by the failure of the person declared elected to qualify before the contest was begun.

ID.—INTEREST OF PUBLIC.—The contest does not merely concern the personal and pecuniary interest of rival candidates for the office; but paramount to their claims is the deep public concern involved as to who are entitled to hold an office for which the suffrages of the electors have been cast. The public interests imperatively require that the ultimate determination of the contest should in every instance, if possible, reach the very right of the case, and ascertain and declare whether either of the rival candidates before the court or some other candidate has been elected.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, for Appellant.

J. P. O'Brien, for Respondent.

LORIGAN, J.—This is an election contest. The parties to this proceeding were rival candidates for the office of sheriff of Tuolumne County, at the last general election.

The board of supervisors, sitting as a canvassing board, declared the appellant elected to such office, and a certificate of election was duly issued to him.

Respondent, in due time, commenced a contest on the ground of malconduct on the part of the board of judges of election in counting the votes. Issue was joined, the cause tried, and the court found the charge of malconduct to be

true, and that the respondent had received the highest number of legal votes cast for such office. A judgment was entered accordingly, annulling the certificate of election issued to appellant, and declaring the respondent elected to such office.

On this appeal no question is made by appellant as to the sufficiency of, the evidence to sustain the findings.

His principal point is, that the lower court had no jurisdiction to hear or determine the contest, and should have granted his motion to dismiss it, and this point is based upon certain facts which the lower court found to be true, and which are not contradicted. These are that, after appellant had been declared elected to the office of sheriff by the board of supervisors acting as a canvassing board, and the proper certificate of election had been issued to him by the county clerk, he inadvertently failed to file his official oath and bond as such sheriff within the time required by law; that such oath and bond had not been filed when the contest was commenced or thereafter, and that the office had become vacant.

To fully appreciate the claim made by appellant from these facts, it is necessary to set forth the section of the code authorizing an election contest, for it is upon his construction of the section that his point is based.

It reads: "Any elector of a county . . . may contest the right of any person declared elected to an office to be exercised therein, for any of the following causes." (Code Civ. Proc., sec. 1111.)

Appellant insists, that the proper construction of this section is, that it provides only for a contest where the right to an office exists at the time the contest is begun; that the right to office which is contemplated, is the right which has been made perfect by taking all the legal steps necessary to authorize him to enter upon the discharge of his official duties when the term of office commences.

And from this construction he argues that, notwithstanding the appellant was declared elected by the canvassing board, yet, as he failed to qualify, he thereby lost his right to the office, and the right being gone, there was nothing to contest.

We cannot agree with this construction of the section, or accord with the reasoning which is indulged in to sustain it.

It is not the apparently perfect right to the office which alone the elector may contest; such a right as is presumed from the issuance of a certificate of election and due qualification under the law, but it is the presumptive right to the office, which results from the fact that the board of supervisors, sitting as a canvassing board, has declared a person elected. It is this apparent official right, which their declaration creates, that may be contested. This is all the statute provides for. The canvassing board is the only body authorized under the election law to declare, from the returns, what candidates are elected, and when the section concerning contests says, that an elector may "contest the right of any person *declared elected* to an office," it means the apparent right which the declaration of such board creates.

No other right is involved. And the jurisdiction of the court to entertain, or the right of the elector to commence such contest, does not, in any manner, depend upon whether the person so declared to be elected by the board qualifies for the office by filing his official oath and bond or not. It is not necessary that he qualify to confer jurisdiction, nor can the court be divested of jurisdiction because he fails to do so.

The object of a contest, which is initiated upon the ground of malconduct on the part of the board of judges of election, is not to examine into matters transpiring subsequent to the declaration of the canvassing board, and which may strengthen or weaken the claim of the person declared elected by it. It has a far more effective and extended purpose. The contest attacks the election itself. It is not concerned with the certificate of election, or the proceedings subsequent thereto, which are merely the *indicia* of the right to enter upon the duties of the office, but goes back of all these to the fountain source of official title, and ascertains whether the sovereign will, as expressed at the polls, and upon which the canvassing board assumes to declare the result of the election, has by such declaration, been fairly, honestly, and legally expressed.

It probes into and examines the conduct of the election officers upon whose returns the canvassing board acts; it re-

canvasses the votes cast and ascertains whether the person declared elected by such canvassing board had the highest number of legal votes, and as a result the law requires the court, "if in any . . . case it appears that another person than the one *returned* has the highest number of legal votes," to "declare such person elected." (Code Civ. Proc., sec. 1123.)

From the use of the term "the one returned" in the quoted section, it is quite obvious that the right to office which is being investigated by the court in the contest, is such right only as the "election returns" (Pol. Code, sec. 1281) disclose exist in favor of a candidate, as it is from the face of these returns, and from no other data, that the canvassing board declares who is elected.

In addition to what has been said, and aside from the consideration given to the language alone of the section for the purpose of determining its meaning, it must be borne in mind that the right to contest is not designed exclusively for the benefit of rival candidates in an election. The right to a public office is not a matter which concerns them alone, nor is it the interest alone of the contending individuals that is to be considered in a contest. As far as they are concerned, their interest is exclusively a personal and pecuniary one. Paramount to their claims is the deep public concern involved as to who are entitled to hold an office for which the suffrages of the electors have been cast. According to the view of counsel for appellant, this interest is entirely lost sight of, and the contest becomes one between individual aspirants, involving personal interests. This is not the correct view. No special right of contest is given to a candidate as such. The right is conferred upon any elector, and can only be invoked as an elector, and when so invoked the contest is regarded as of a public nature where irregularities and frauds at the ballot-box, or in the vote, or official misconduct of the election officers are investigated, so that by a purgation of the polls, if necessary, the right of the electors to have such public officers as have been honestly and legally elected by them assume their offices, is sustained and enforced. This doctrine finds expression in the case of *Minor* v. *Kidder*, 43 Cal. 236, where this court says: "It is the wholesome purpose of the

statute to invite inquiry into the conduct of the popular elections. Its aim is to secure that fair expression of the popular will in the selection of public officers, without which we can scarcely hope to maintain the integrity of the political system under which we live. With this view, it has provided the means of contesting the claims of persons asserting themselves to have been chosen to office by the people. It has not authorized every citizen or member of the body politic at large to institute proceedings for that purpose, but has limited the authority in that respect to those who are themselves electors, and it has required the statement of the grounds of contest in every instance to be verified by the oath of the contestant. When such a statement is presented by an elector to the tribunal, whose duty it is to investigate its merits, it should not be received in a spirit of captiousness, nor put aside upon mere technical objections designed to defeat the very search after truth which the statute intended to invite.

''The investigation proposed is one in which the public at large are deeply concerned. It certainly involves a question of broader import than the mere individual claim of a designated person to enjoy the honors and emoluments of the particular office brought directly in contest. The inquiry must be as to whether or not the popular will in the selection of officers to administer the public affairs has been, in a given instance, or is about to be defeated or thwarted by mistake happened, or fraud concocted. It is, therefore, not an ordinary adversary proceeding, for, as against this high public interest concerned, there can be no recognized adversary. . . . The public interests imperatively require that the ultimate determination of the contest should in every instance, if possible, reach the very right of the case.''

This construction placed by the court upon the statute, and which inspired it to declare, that a contest is not an ordinary adversary proceeding, that there can be no recognized adversary, and that the ultimate determination of the contest should reach the heart of the case, would be of no consequence if the failure to qualify by the person declared elected, could deprive the court of jurisdiction to hear or determine a contest.

If the section were to be construed, as counsel contends,

any person elected could, by simply failing to qualify, effectually cut off all inquiry into the most flagrant frauds practiced by election officers, whereby such person was not only declared elected, but another regularly entitled to the office defeated. It may well happen in a contest inaugurated by an elector, other than a candidate, against the person returned elected, or, even when inaugurated between two rival candidates, where several other candidates besides themselves sought election to the same office, that the court may find, in the first instance, that the contestee was not elected, or, in the second, that neither the contestant nor the contestee were elected, but that some other candidate was.

When this is shown, it is provided by sections 1122 and 1123 of the Code of Civil Procedure, relative to such contests, that the court must annul the election of the person returned, and declare such other person elected. This result could never be attained if the right which is to be contested is the absolute right or title to the office, as appellant contends. It is, however, a matter of plain and easy accomplishment, if the right which the section declares may be contested, is simply the right to the office which accrues solely from having been ''declared elected'' thereto by the canvassing board. Under the construction claimed by appellant the policy of the law is thwarted, the sovereign will defeated, and the jurisdiction of the court lost by the failure of a person to qualify for an office to which he was never legally elected.

Under the other construction the public interest in honest elections is conserved, the popular will given effect, and a judgment rendered, as the law designs it shall be, irrespective of who are the parties to a contest, giving the office to the one shown to have been legally elected thereto. This last is the end which the law has in view, and it is fully effected when the inquiry under the contest is addressed solely to the validity of the right which exists from the fact that he has been ''declared elected'' by the canvassing board, unaffected by any subsequent action, or inaction of such person, which may have destroyed such right.

It is further claimed by counsel for appellant that, instead of instituting proceedings in the nature of a contest, respondent should have commenced proceedings in the nature

of *quo warranto*. There is nothing in this point, nor does it merit extended consideration.

If the appellant had qualified, it could not be seriously contended that proceedings in the nature of a contest would not be a proper remedy, and, as we have concluded that his failure to so qualify did not affect that right, it is unnecessary to further discuss the question of *quo warranto*.

The judgment is affirmed.

McFarland, J., Angellotti, J., Shaw, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.