ANDREW I. BRIGHT, CHARLES M. COSTER, ARTHUR
R. FITZSIMMONS, KAWAI K. GEORGE, JOHN
KAAUA, JOSEPH LUAHIWA, CHARLES LAKE,
ABRAHAM PAANIANI, NAPOLEON K. PUKUI,
JOSEPH PAAHAO, JOHN STONE, JOHN H. OLI-
VEIRA, CHAS. PAPAIKU, BENJAMIN KAHA-
LOA, JOHN KAILIANU, JOHN K. AYLETT,
WILLIAM KAHELUEKAHI, WILLIAM KALE-
HUA, LYNCH KEKAHUNA, HENRY K. HAOLE,
JOHN KALAMA, MANUEL E. LEE, L. M. S. KEAU-
NUI, GEORGE P. P. KANAKANUI, JOHN M.
KEALOHA, JOHN POAI, WM. L. AUSTIN, JOHN
MAHIAI, J. N. HELELOA, LEVI K. KAELEPULU
AND MANUEL DE MELLO *v.* JOSEPH J. FERN.

## ELECTION CONTEST.

HEARD DECEMBER 14, 15, 1910.             DECIDED DECEMBER 16, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE WHITNEY
IN PLACE OF HARTWELL, C.J.

ELECTIONS—*withdrawal of petitioners—effect of.*

In an election contest brought by thirty voters under Section
56 of Act 118, L. 1907, any one or more of the petitioners may
withdraw as such, at least before answer filed and with leave of
the court, subject only to an appropriate order as to costs. In
that event the contest may not be maintained by the remaining
petitioners.

ID—*amendment—parties plaintiff.*

After the expiration of the time limited by statute for the
bringing of election contests a petition by thirty voters, one or
more of whom have discontinued, may not be amended by add-
ing the names of new parties plaintiff.

### OPINION OF THE COURT BY PERRY, J.
(De Bolt, J., dissenting in part.)

This is a petition praying that the election of respondent as
mayor of the City and County of Honolulu be set aside and
that John C. Lane be declared elected to that office. It was
filed on December 7, 1910, and was signed by and brought in

the name of thirty-one alleged duly qualified voters of the sixth precinct of the fourth election district of this Territory. On December 14, before an answer filed, two of the voters who signed the petition, appearing in person, in open court expressed a desire to withdraw as petitioners and to have the proceedings discontinued as far as it lies in their power to do so. Respondent thereupon moved to dismiss the petition for failure of parties plaintiff.

This is an adversary proceeding. While the public may to some extent have an interest in it, it has not control of it so as to prevent any or all of the petitioners from withdrawing from the contest. The public is not a party. The ordinary rules as to the control of petitioners over their own case apply in this respect. Before issue joined any one or more of the parties plaintiff may withdraw subject to such order as may be made concerning costs and, perhaps, to certain other limitations which do not apply in the case at bar. If leave to discontinue is ordinarily requisite at this stage no reason occurs to us for withholding it. The presumption is that the election was validly conducted and the court should not place itself in the position of encouraging litigation by compelling the continuance of the contest against the will of the petitioners.

The withdrawal of two of the petitioners requires the dismissal of the petition. While the language of Section 57, Act 118, L. 1907, is that any thirty voters may "file a petition," the statute contemplates, we think, that thirty voters are requisite not only to the institution but also to the continuance of the proceeding. The intent of the legislature evidently was that no contest should be permitted unless (aside from action by the defeated candidate himself) thirty voters could be found who agreed that a contest would be justified by the facts and necessary or desirable. If any of the thirty, at least before answer, lose faith in their petition or for any reason alter their views as to the desirability of further litigation, the contest becomes that of the remainder only. If one of the thirty may withdraw

and still leave vitality in the proceeding, twenty-nine may withdraw with the same result. We are unable to conclude that the legislature contemplated the continuance by one voter, or by ten or by any number less than thirty, of a contest, even though properly instituted by the required number.

After oral announcement of this ruling, a motion was made to amend the petition by adding the names of five other voters as parties plaintiff, reliance being had in that connection upon R. L., §1738, relating to amendments of pleadings and process. That statute in its provision permitting the amendment of any petition "by adding * * * the name of any party" contemplated that there should be remaining in the case before the amendment a party to add to,—something to amend by. In this case there is no plaintiff to add to. The statute of 1907 creates for cases of this nature a unit, to wit, thirty voters, to serve as a party plaintiff. As already held, that unit has been destroyed by the withdrawal of the two petitioners. It no longer exists and there is nothing to amend by. With the discontinuance by the two the court lost jurisdiction in the matter save in the respect above stated. This is not a case of ordinary co-plaintiffs in which the rights of those remaining may survive the withdrawal of other co-plaintiffs.

The motion for leave to amend is denied and the petition is dismissed.

*G. A. Davis, A. F. Judd, R. W. Breckons* and *G. S. Curry* for petitioners.

*W. W. Thayer* and *C. W. Ashford* for respondent.

### DISSENTING OPINION OF DE BOLT, J.

I am unable to concur in the opinion of the majority that "the withdrawal of two of the (31) petitioners requires the dismissal of the petition."

As I view this matter the filing of the petition by "any thirty duly qualified voters of any election district" is essential, only, to give the court jurisdiction—power to proceed in the

hearing of the contest—and that it does not lie in the power of any one of the thirty petitioners to oust the court of the jurisdiction thus acquired, by his withdrawal. If the opinion of the majority is sound, then, also, by the death, insanity, conviction of felony, or removal from the election district, of any one of thirty petitioners, after filing the petition, would, *ipso facto,* operate as a dismissal of the petition and oust the court of its jurisdiction. I cannot believe that the legislature intended, or that the statute contemplates, any such condition of affairs, or that the rights of honest voters should be so precariously placed in the keeping and held at the pleasure, or mere whim, of a possible corrupt, ignorant or weak man, simply because he happens to be one of the thirty petitioners.

Whatever may be said as to an election contest being an adversary proceeding, it must be conceded, as it seems to me, that there is a marked distinction between a contest instituted by a defeated candidate and one begun by thirty voters. The candidate, in addition to his interest as a citizen and voter, also has a deep personal and pecuniary interest in the matter. The thirty voters as petitioners have no interest save those in common with other citizens and voters. This distinction, to my mind, tends to show that such petitioners owe a duty to the public and to their fellow petitioners which they cannot throw off at will. What other purpose could the legislature have had in the enactment of this statute than to enable thirty voters to subserve the public interest?

The doctrine which recognizes the right and power of a plaintiff in an ordinary suit or action to withdraw or dismiss his cause before issue joined, has no application, as I view it, to an election contest instituted by thirty voters.

The statute (Sec. 57), to my mind, is too plain to admit of construction. Its language and requirements are clear and explicit. It reads as follows:

"Any candidate directly interested, or any thirty duly qualified voters of any Election District may file a petition in the

Supreme Court of the Territory setting forth any cause or causes why the decision of any Board of Inspectors should be reversed, corrected or changed."

It will be observed that each and every sentence, phrase and word contained in this statute are necessarily employed in expressing and prescribing the appropriate steps to be taken and the essential requisites to be complied with in order that the jurisdiction of the court may be invoked for the purposes therein mentioned. Not a single word remains to express an additional thought, or upon which any possible construction can be placed. Nor does the statute purport to cover or apply to any part of the proceedings subsequent to the filing of the petition. To provide for the filing of the petition is the sole purpose of the statute. Had the legislature intended to place in the hands of one of the petitioners the power to dismiss the proceedings it could have easily done so in appropriate words.

There appears to be a dearth of authorities on the point under consideration, but I believe the following citations will be found to support my view: McCrary on Elections, Sec. 454; *People* v. *Holden,* 28 Cal. 124; *Searcy* v. *Grow,* 15 Cal. 118; 15 Cyc. 402, 416; 7 Ency. P. & P. 393, 394; 6 Ency. P. & P. 853, 854, 871; 14 Cyc. 394, 399; 30 Cyc. 138, 139; *Hirshfeld* v.*Fitzgerald,* 46 L. R. A. 839; *Coghlan* v. *Alpers,* 140 Cal. 648; *Sweeny* v. *Adams,* 141 Cal. 558; *In re Cole's Election,* 72 Atl. 510.

Following the oral ruling of the court on the foregoing question counsel then moved to amend the petition by adding the names of five other voters as parties plaintiff. I concur in the ruling of the court on this motion.