[S. F. No. 5636.  In Bank.—March 8, 1911.]

C. J. McGREGOR, Petitioner for Writ of Mandate, v. BOARD OF TRUSTEES OF TOWN OF BURLINGAME et al., Respondents.

C. J. McGREGOR, Petitioner for Writ of Prohibition, v. GEORGE H. BUCK, as Judge of the Superior Court of San Mateo County, Respondent.

MUNICIPAL CORPORATIONS—ELECTION CONTEST OF TOWN TRUSTEE OF BURLINGAME—TOWN OF SIXTH CLASS—TIE VOTE—CONSTRUCTION OF STATUTE.—The board of trustees of the town of Burlingame, as a municipal corporation of the sixth class, is vested with general power, under section 860 of the Municipal Corporation Act, to judge of the qualifications of its members, and of all election returns, and to determine contested elections of all city officers, and has jurisdiction to determine a contested election of a town trustee, though two candidates therefor have received a tie vote, and no election was declared between them, where the contestant claims a majority of all the legal votes cast.

ID.—EFFECT OF TIE VOTE UNDER FORMER CODE PROVISION IMMATERIAL.— The fact that, under the Code of Civil Procedure, prior to the enactment of section 1124 thereof in 1907, there was no provision for determining the result of an election in the superior court, in case of a tie vote, is immaterial, and cannot affect the construction to be given to section 860 of the Municipal Corporation Act, in such case.  The phraseology of the former code provision, and of section 860 of that act, are essentially dissimilar, and there is no ground of conclusion from one to the other.

ID.—PLURALITY OF VOTES ESSENTIAL TO ELECTION—ATTACK UPON CORRECTNESS OF FINDING OF TIE VOTE.—Though the plurality of the votes cast in favor of one candidate is essential to a choice, or election of that candidate, yet the grant in general terms of a power to determine "contested elections" may well be interpreted to cover the case of an attack upon the correctness of a finding that there was a tie vote, as well as that of a return that one candidate rather than the other has been elected.  The object of the proceeding, in either case, is to determine who has received the highest number of votes legally cast.

ID.—MANDAMUS TO COMPEL BOARD OF TRUSTEES TO DETERMINE ELECTION CONTEST.—It is held that a writ of mandate should issue to compel the board of trustees of the town of Burlingame to proceed to determine the election contest of a trustee instituted before them.

ID.—INSUFFICIENT ANSWER—TECHNICAL OBJECTIONS TO PROCEDURE—
POWER OF COUNCIL.—There being no statute prescribing the details
of procedure to be followed by the town council, that body may
adopt any mode of procedure which prescribes to the parties the fun-
damental essentials of notice and hearing; and an answer to the
writ of *mandamus*, urging technical objections not such as should
be held to deprive the board of trustees of the right to determine the
questions raised by the statement of contest before them, is not a
sufficient answer to the petition for the writ of mandate to compel
such determination of the contest.

ID.—INDEFINITE POSTPONEMENT OF CONTEST—JURISDICTION NOT LOST.—
The fact averred in the answer that the trustees indefinitely post-
poned the hearing of the contest out of deference to the ruling of
the superior court that it had exclusive jurisdiction to determine the
contest, could not deprive the board of trustees of jurisdiction or
right to have the contest before it decided in the manner provided
by law.

ID.—CONCURRENT JURISDICTION OF SUPERIOR COURT.—There is no phrase-
ology in the grant of jurisdiction to the board of town trustees that
deprives the superior court of concurrent jurisdiction to determine
a contest for the same office contested before the board, instituted
in the superior court by one of the candidates under section 1124 of
the Code of Civil Procedure, in case of a tie vote.

ID.—GENERAL PRINCIPLE OF CONCURRENT JURISDICTION.—The general
principle is that the jurisdiction of the superior court remains unless
it appears with unequivocal certainty that the legislature intended
to take it away. It is held that section 860 of the Municipal Cor-
poration Act does not declare "with unequivocal certainty," or with
any degree of certainty, that the legislature intended to divest the
superior court of its jurisdiction to proceed with a contest instituted
before it for the same office under the Code of Civil Procedure.

ID.—PROHIBITION NOT GRANTABLE TO ARREST JURISDICTION OF SUPERIOR
COURT.—The writ of prohibition lies only to arrest proceedings insti-
tuted without or in excess of jurisdiction, and it cannot be granted
to deprive the superior court of its concurrent jurisdiction regardless
of the effect of conflicting adjudications which might be made by
two tribunals.

ID.—EFFECT OF JURISDICTION FIRST INSTITUTED BY TRUSTEES—PLEA OF
PRIOR ACTION PENDING—DUTY OF SUPERIOR COURT TO GRANT STAY—
ERROR.—The effect of jurisdiction first invoked by the trustees does
not *per se* deprive the superior court of jurisdiction. Its attention
should be called to it, as a prior action pending, when it would be its
duty to grant a stay until the prior contest is determined. But its
failure to recognize such plea would not deprive it of its jurisdic-
tion, but it would be error, determinable upon appeal.

APPLICATION for Writ of Mandamus to the Trustees of
Burlingame, and for Writ of Prohibition to the Superior Court
of San Mateo County, George H. Buck, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Petitioner.

Ross & Ross, for Respondents.

SLOSS, J.—The first of the above entitled matters is an application for a writ of mandate to compel the board of trustees of the town of Burlingame to hear and determine an alleged contest of an election.  The second is an application for a writ of prohibition to restrain the superior court of San Mateo County from proceeding with the trial of a contest of the same election.  Both proceedings were transferred to this court after judgment (denying the relief sought) in the district court of appeal for the first appellate district, to which court the applications had first been presented.

Burlingame is incorporated under the Municipal Corporation Act as a town of the sixth class.  At a municipal election held on April 11, 1910, in said town, for the election, among other officers, of five town trustees, the petitioner and one Sheehan were candidates for said office of town trustee.  The election returns showed the receipt of an equal number of votes by McGregor and Sheehan, and the town trustees, canvassing the returns, declared the result to be a tie vote between said candidates.

On April 18, 1910, McGregor filed with the town trustees his written and verified statement, contesting the election and alleging that votes had been illegally received and counted in favor of Sheehan, and that fewer legal votes had been cast for Sheehan than for the contestant.  Thereupon the town trustees issued a citation to Sheehan, calling upon him to appear on the second day of May to answer the said contest.

Subsequent to April 18th, Sheehan filed with the county clerk of San Mateo County a contest likewise contesting said election, and the superior court caused a citation to be issued and served upon McGregor.  On the return day McGregor appeared and objected to the jurisdiction of said court.  The court held, however, that it had jurisdiction and that the town trustees had none.  The trustees, learning of this, declined to try the contest before them, and the present proceedings were instituted, as above stated, to compel the town trustees to hear

the one contest and to restrain the superior court from hearing the other.

Under section 860 of the Municipal Corporation Act (Stats. 1883, p. 269) "the board of trustees shall judge of the qualifications of its members and of all election returns and determine contested elections of all city officers." If the power to "determine contested elections" includes the authority to inquire and decide whether, notwithstanding a showing, on the face of the returns, of a tie vote, one or another of the candidates in fact received a plurality, this section clearly confers upon the board of trustees the jurisdiction to hear and determine the contest instituted by McGregor. It is argued by the respondents that the term "contested elections" means no more than a proceeding to question the correctness of a finding by the canvassing officer or board that one or another of the candidates was elected. Upon a tie vote, they say, there is no election, and hence nothing to contest.

That the casting of a plurality of votes in favor of one candidate is essential to a choice or election of that candidate is true. (Const., art. XX, sec. 13; Pol. Code, secs. 1066, 1067.) But it does not follow that because no candidate is *declared* elected, there has been no election. If one or the other has received a plurality of the legal votes, he is in fact elected, and should be so declared. We think the grant, in general terms, of power to determine "contested elections" or "election contests" may well be interpreted to cover the case of an attack upon the correctness of a finding that there was a tie vote, as well as that of a return that one candidate, rather than the other, has been elected. This construction, which tends to prevent the nullification of the legally expressed will of the voters through the error or misconduct of the officers charged with the conduct of the election or the canvass of the returns, finds support in a number of decisions. (*Erdman* v. *Barrett*, 89 Pa. St. 321; *Nicholls* v. *Barrick*, 27 Colo. 432, [62 Pac. 202]; *Bowker* v. *Eisenhood*, 1 S. D. 577, [48 N. W. 136, 12 L. R. A. 705]; *People* v. *Robertson*, 27 Mich. 116; *Shepard* v. *Allen*, (Ill.) 17 N. E. 756; *Imboden* v. *Cully*, 94 Ky. 45, [21 S. W. 339]; *Webster* v. *Gilman*, 91 Ill. 324.) The object of the proceeding, as is said in *Erdman* v. *Barrett*, 89 Pa. St. 321, "is to determine who has received the highest number of votes legally cast. The court is to investigate the election, to cor-

rect alleged errors when they are shown to exist, and to determine the true result."

Respondents place great reliance upon the consideration that the sections of the Code of Civil Procedure (1111 et seq.) providing for the contesting of certain elections in the superior court did not, prior to the enactment of section 1124 in 1907, authorize a contest where the declared result of the election was a tie. (*Lamb* v. *Webb,* 151 Cal. 451, [91 Pac. 102, 646].) This limitation of the scope of the proceeding in the superior court resulted from the restricted language employed in the code sections. The only privilege given by section 1111 is to "contest the right of any person *declared elected* to an office. . . ." This language necessarily excludes the idea of a contest where no person has been declared elected. (See *Sweeny* v. *Adams,* 141 Cal. 558, [75 Pac. 182].) But this reasoning has no application to the broad and general grant of power to "determine contested elections." No good reason appears for holding that the legislature, in enacting the Municipal Corporation Act, used the phrase "contested elections" in the narrow sense which must be attributed to the provisions of the Code of Civil Procedure. The phraseology of the two enactments being essentially dissimilar, there is no ground for applying the rule that a statute embodying the terms of a prior statute must be read in the light of the interpretation given to such prior statute.

This court has held, in several instances, that the legislature may, by provisions similar to that of section 860 of the Municipal Corporation Act, vest in a city council the power of judging of the election of the city officers. Such provisions do not conflict with the constitutional declaration that the judicial power shall be vested in certain courts. (*People* v. *Metzker,* 47 Cal. 524; *People* v. *Bingham,* 82 Cal. 238, [22 Pac. 1039]; *Carter* v. *Superior Court,* 138 Cal. 150, [70 Pac. 1067].) It would follow, therefore, from the views hereinabove expressed, that the writ of mandate should issue requiring the trustees of Burlingame to exercise their jurisdiction by proceeding to hear and determine the contest instituted by McGregor.

The answer which purports to have been filed on behalf of two of the respondents does not, we think, raise any issue affecting the duty of the board to proceed. The averments of

the answer go to the sufficiency of the verification of the contestant's statement, and to the form of the notice or citation served on Sheehan. But, since there is no statute prescribing any details of procedure to be followed by the council, that body may adopt any mode which preserves to the parties the fundamental essentials of notice and hearing. (10 Am. & Eng. Ency. of Law, 819; see *Norwood* v. *Kenfield,* 30 Cal. 393.) The defects here relied upon were not such as should be held to deprive the board of the right to determine the questions raised by the statement of contest. The further fact, alleged in the answer, that, on May 2, 1910, the board indefinitely postponed the hearing of the contest, did not destroy the jurisdiction. This action was properly taken in deference to the ruling of the superior court, which had held that it had exclusive power to determine the controversy. The board could not, if it would, deprive the contestant and the public of the right to have the contest decided in the manner provided by law. But, in fact, all that was done was to withhold action until the question of power should be finally determined.

There remains, however, the question whether the jurisdiction of the trustees is exclusive, so as to oust the superior court of the jurisdiction conferred upon it by section 1124 of the Code of Civil Procedure. That section, added to the code in 1907, authorizes a contest in the superior court where an election for an office of a county, city and county, city, or political subdivision of either has been declared by the canvassing body to have resulted in a tie.

In *Carter* v. *Superior Court,* 138 Cal. 150, [70 Pac. 1067], we had occasion to consider the effect upon the jurisdiction of superior courts of provisions giving to city councils power to judge of the elections of officers. The court quoted and approved the views expressed by Judge Dillon in his work on Municipal Corporations (vol. 1, sec. 200) as follows: " 'The principle is, that the jurisdiction of the court remains, unless it appears with unequivocal certainty that the legislature intended to take it away.' It is then stated that language such as 'shall be the judges of the qualifications' or 'of the qualifications and election of its own members' and of those of the other officers of the corporation, will not ordinarily have that effect, but will be construed to afford a cumulative or primary tribunal only; not an exclusive one. A provision

that no court should take cognizance of election cases by *quo warranto,* etc., would doubtless be sufficient to divest the jurisdiction of the judicial tribunals. And so, in general, of a provision that the council should have the sole or final power of deciding elections. (1 Dillon on Municipal Corporations, sec. 202; see, also, secs. 203, 204, 205.)"

Applying these rules, it was held, in the Carter case. that a provision in the Santa Rosa charter that the decision of the city council in election contests should be "final and conclusive," plainly manifested an intent to confer exclusive jurisdiction on the council. Section 860 of the Municipal Corporation Act does not, however, contain any language of like import. It merely declares that the trustees "shall judge of all election returns and determine contested elections of all city officers." It does not appear "with unequivocal certainty," or with any degree of certainty, that the legislature intended to divest the superior court of its jurisdiction to proceed under the sections of the Code of Civil Procedure. As was held by the district court of appeal for the second appellate district in *Dawson* v. *Superior Court,* 13 Cal. App. 582, [110 Pac. 479], the jurisdiction conferred upon the city council by section 860 is not exclusive, but is concurrent with that of the superior court. Since the writ of prohibition lies only to arrest proceedings without or in excess of jurisdiction. it is clear that the relief sought against the superior court cannot be granted. That court has jurisdiction, concurrent with that of the city council, to entertain and determine the contest. We are not here called upon to consider the effect of conflicting adjudications that might be made by the two tribunals. It is claimed by the petitioner that, as the jurisdiction of the city council was first invoked, the judgment of that body would prevail. But if this be so, the point is not one that goes to the jurisdiction of the superior court. At most, that court would be bound, upon being informed by proper pleading and proof that a tribunal of concurrent jurisdiction had first taken cognizance of the controversy, to stay a trial and decision until the proceedings first instituted should be disposed of. The plea in such case would be analogous to that of "another action pending." A failure to recognize the effect of such plea would be mere error, to be corrected on appeal. (*State* v. *Withrow,* 108 Mo. 1, [18 S. W.

41].) If McGregor should, hereafter, abandon or dismiss his contest before the trustees, there would be nothing to prevent the determination of the contest in the superior court. Clearly, then, that court cannot be said to be without jurisdiction to entertain the contest.

The writ of mandate to the board of trustees will issue as prayed.

The alternative writ of prohibition to the superior court is discharged, and the proceeding dismissed.

Shaw, J., Melvin, J., and Henshaw, J., concurred.

ANGELLOTTI, J.—I concur in the judgment directing the issuance of a writ of mandate to the board of trustees, and dissent from the judgment denying a writ of prohibition against the superior court, my opinion being that the jurisdiction of the board of trustees of the town of Burlingame over the election contest between McGregor and Sheehan is, under our statute, exclusive.