TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 17-305 |
| of | : | November 2, 2017 |
| XAVIER BECERRA<br>Attorney General | : | |
| ANYA M. BINSACCA<br>Deputy Attorney General | : | |

_____

Proposed relator the CITY OF BELL GARDENS has requested leave to sue proposed defendant JENNIFER RODRIGUEZ in quo warranto to oust her from the public office of city council member on the ground that she was absent from all regular city council meetings without permission for 60 days, thereby forfeiting her office under Government Code section 36513.

CONCLUSION

There are substantial questions of law and fact as to whether Rodriguez was absent from all regular city council meetings for 60 days, thereby forfeiting her office under Government Code section 36513. As a result, allowing the action to proceed would serve the public interest. Therefore, leave to sue in quo warranto is GRANTED.

1

ANALYSIS

**Standard for Approving a Quo Warranto Application**

Quo warranto is the form of action used to challenge whether a person is unlawfully holding a public office.[1]  The process is authorized by Code of Civil Procedure section 803, which provides:  "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state."[2]

Where the quo warranto action is initiated "upon a complaint of a private party,"[3] the Attorney General acts as a gatekeeper; the party must obtain the Attorney General's

---

[1] *Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225; 76 Ops.Cal.Atty.Gen. 157, 165 (1993) (quo warranto is the "appropriate remedy to test the right of a person to hold public office").

[2] Code Civ. Proc., § 803.

[3] Code Civ. Proc., § 803.  Even though section 803 references the "complaint of a private party," public officers and public agencies, such as the City of Bell Gardens in this case, may also pursue a quo warranto application as a relator.  (76 Ops.Cal.Atty.Gen., *supra* , at pp. 162-163 ["We believe that a public official or agency may qualify as a relator under the provisions of section 803"]; see also 97 Ops.Cal.Atty.Gen. 1, 1, fn. 4 (2014).)  With respect to cities specifically, we note that city councils and the courts sitting in quo warranto have concurrent jurisdiction over questions of councilmember qualifications.  We have previously observed that "[t]he primary authority for determining whether a vacancy exists in a councilman's office is the city council itself under its power to fill a vacancy in a council seat, Gov. Code § 36512, and to 'judge the qualifications of its members,' Gov. Code § 36812. [Citations.]" (41 Ops.Cal.Atty.Gen. 98, 100 (1963).)  However, as we further observed, "[t]his power of the city council is not exclusive." (*Id*.; see *McGregor v. Board of Trustees of the Town of Burlingame* (1911) 159 Cal. 441, 446-447; *Klose v. Superior Court in and for San Mateo County* (1950) 96 Cal.App.2d 913, 921-922.)  Having determined there may be a substantial question whether one of its members is disqualified from further service on the council due to excessive absences, the city council here has elected to pursue a quo warranto adjudication in the first instance, as it is authorized to do under Code of Civil Procedure section 803.  (97 Ops.Cal.Atty.Gen., *supra*, at p. 1, fn. 4; 76 Ops.Cal.Atty.Gen., *supra*, at pp. 162-163.)

2

permission before filing an action in superior court.[4]

In evaluating whether to grant leave to sue, we do not endeavor to resolve the merits of the controversy, but rather "decide whether the application presents substantial issues of fact or law that warrant judicial resolution, and whether granting the application will serve the public interest."[5]

**The Application Presents Substantial Questions of Law and Fact**

The City of Bell Gardens is a general law city, and thus derives its powers from the general statutes enacted by the Legislature.[6] Government Codes section 36513 provides that, "If a city councilmember is absent without permission from all regular city council meetings for 60 days consecutively from the last regular meeting he or she attended, his or her office becomes vacant and shall be filled as any other vacancy."[7] The City alleges that Rodriguez was absent for a 60-day period, thereby vacating her seat.

The City's municipal code sets the regular meetings of the city council for the second and fourth Mondays of each month. The regular meetings during the 60-day period following the council's July 25, 2016 meeting (i.e., July 26 through September 23, 2016) took place on August 8, August 22, and September 12, 2016. The city council minutes from each of those meetings reflect that Rodriguez was absent.[8]

Rodriguez does not dispute that she was absent from those meetings. Instead, she maintains that her absences were excused by the fact that her doctor had restricted her activity during at least part of that time. Rodriguez provides a doctor's note saying that she was seen on July 25, 2016, that her activity is restricted, and that she may return to work or school on August 9, 2016. The City maintains that Rodriguez never requested permission to be absent from the August 8, August 22, or September 12, 2016 meetings.

---

[4] *Nicolopulos v. City of Lawndale*, *supra*, 91 Cal.App.4th at pp. 1228-1229.

[5] 95 Ops.Cal.Atty.Gen. 50, 51 (2012).

[6] See *City of Orange v. San Diego County Employees Retirement Assn.* (2002) 103 Cal.App.4th 45, 52.

[7] Gov. Code, § 36513, subd. (a).

[8] Council minutes also reflect that Rodriguez was absent from the two regular council meetings that occurred during the 60-day period between November 22, 2016 and January 21, 2017.

The meaning of "permission" to be absent from council meetings is not elucidated by Government Code section 36513, the City's municipal code, or the case law.

We think the scenario here raises substantial questions of law and fact as to whether Rodriguez vacated her council seat under Government Code section 36513. For example, can a doctor's note excuse a city council member's absence from a meeting? If so, when must that excuse be proffered? Does a city council have discretion to excuse a medical absence, or any absence? Questions such as these, as well as any factual disputes, may be addressed and resolved in a judicial proceeding.

**Judicial Resolution Serves the Public Interest**

"As a general rule, we view the need for judicial resolution of a substantial question of fact or law as a sufficient 'public purpose' to warrant the granting of leave to sue in quo warranto, absent countervailing circumstances such as pending litigation of the issues or shortness of the time remaining in the term of office."[9] We are not aware of any reason here to depart from our general rule. Both the City of Bell Gardens and the public have an interest in a judicial determination of whether council member Rodriguez vacated her city council seat by operation of law due to absence over a 60-day period.

Accordingly, the application for leave to sue in quo warranto is GRANTED.

*****

---

[9] 95 Ops.Cal.Atty.Gen. 77, 87 (2012).

4