Election of Assessor in Gearhart Township.   Appeal of
. M. F. Gulick.

*Election law—Marking ballot—Incomplete ballot—Act of July* 9, 1897.

Where the republican column in a ballot contains the name of only one candidate for an office, and the democratic column contains the name of two candidates, and two persons are to be elected, the voter may make a cross in the circle at the head of the republican column, and may also make a cross in the square opposite the name of one of the democratic candidates for the office.

Argued May 22, 1899.   Appeal, No. 393, Jan. T., 1898, by M. F. Gulick, from order of Q. S. Northumberland Co., upon petition in election contest.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition in election contest alleging that eleven illegal ballots were counted by the board of election for M. F. Gulick, for the office of assessor, and that if said eleven ballots had been rejected Theodore Robinson would have had a majority, and he should, therefore, have been declared elected.

The facts appear by the opinion of the Supreme Court.

The disputed ballots were in the following form :

" A Cross (×) Marked in the Square at the right of THE NAME OF EACH CANDIDATE, Inside the line enclosing the column INDICATES A VOTE FOR EACH CANDIDATE THUS MARKED.

" If a Cross (×) be MARKED WITHIN THE CIRCLE it will be EQUIVALENT TO A MARK OPPOSITE EVERY NAME in the column.   Those who do NOT desire to Vote a STRAIGHT TICKET MUST NOT MARK a cross WITHIN THE CIRCLE at the head of the column.

*Error assigned* was the order of the court declaring Theodore Robinson to be duly elected assessor.

*C. B. Witmer*, for appellant.—The precise question was before the common pleas court in case of Reed v. McArthur, 15 Pa. C. C. 136, where there were two partial tickets on an official ballot, one marked " Democratic " and one " By Nomination

Papers," but both together making one full and complete ticket. The court there held the voter might indicate his intention to vote both tickets by marking in the circle at the head of each column and that such ballot so marked must be counted. This, we think, was clearly within the act, also giving a party an opportunity of marking within the circle and marking within another circle or in the square opposite the name of another person where the office was blank, thus making an entire ticket. See also In re Contested Election in Providence Township, 13 Lancaster Law Rev. 273, and Com. v. Mercer et al., 190 Pa. 134.

This was the case of an incomplete ticket or column, and it was necessary to go to another column to complete the same, hence a mark at the top in the circle at the head of the republican column was a mark for all the parties in that column, and a second mark could be made, and was properly made, opposite the name of Mr. Sechler, candidate for supervisor, in order to complete the ticket in the full and complete exercise of the voter's privilege.

*Lewis Dewart* and *J. H. McDevitt*, for appellee.—A voter has no right to mark a cross in the circle at the top of the republican column and then vote for a candidate in the democratic column: Newberry Twp.'s Election, 187 Pa. 297; Redman's App., 173 Pa. 59; Flynn's Contested Election, 181 Pa. 457.

It makes no difference, in our opinion, in the case at bar, whether the ballot is considered complete or incomplete. It is admitted that the names in the republican column comprised the names of all persons who were nominated by that party. If the county commissioners failed to leave a blank space in the republican column for the election of an additional supervisor, that would not excuse the voter.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 19, 1899:

Appellant's contention is that the eleven contested ballots— a correct sample of which is attached to his answer in this proceeding—are strictly legal, and that the court below erred in rejecting them as illegal, and in decreeing that Theodore Robinson is duly elected assessor of Gearhart township, etc.

It appears that at the general election for township officers in February, 1898, one person was to be elected to serve as as-

sessor in said district.    The appellant, M. F. Gulick, was the republican candidate and Theodore Robinson the democratic candidate.    The election board returned that Gulick had received fifty votes for assessor, and that Robinson had also received fifty votes for the same office.    There thus being a failure to elect an assessor, the county commissioners appointed Gulick to fill the vacancy.    Whereupon the petition of William H. Treas and twenty-five other qualified electors of the district was presented to the court of quarter sessions, representing that the election board had erroneously counted and returned eleven ballots for said Gulick which should have been rejected, and that said Robinson was the legally elected assessor of said township, etc., and praying the court to hear and determine who was legally elected, etc.    In due course, the case was heard on petition and answer, and said eleven ballots were adjudged illegal, and it was accordingly decreed that Robinson was duly elected assessor.

The only ground on which it is claimed by the appellees that said ballots are illegal is that the electors who respectively cast them voted for all the persons named in the republican column, on the respective ballots, including appellant, by placing a cross ($\times$) in the circle at the head of said column, and also voted for one person nominated for the office of supervisor in the democratic column, by placing a cross ($\times$) in the square ($\boxed{\phantom{x}}$) to the right of the name of said person, in that column.

There might be some merit in the position thus taken by the appellees if it were not for the admitted fact that the republican column on the ballots was incomplete, in that it contained the name of one person only to be voted for as supervisor, when in fact two persons to fill the office of supervisor were to be voted for and elected at that time, and two were actually then elected.

Each and every one of the eleven electors by whom the contested ballots were respectively cast had an undoubted right to vote once for each of the offices to be filled at that election. By placing a cross in the circle at the head of the republican column they voted once for each nominee named in that column; and if said column had contained a complete ticket, that is, a nominee for each office to be filled, their respective rights to vote at that election, would have been fully exercised; but,

as we have seen, the republican column did not contain a nominee for every office to be filled. Two supervisors were to be elected, but the republican column contained only one nominee for that office. While therefore the said electors had legally voted for every nominee in that column, they had voted for only one person for the office of supervisor. They had an undoubted right to vote for one other person for that office, and they respectively exercised that right legally by placing a cross in the square to the right of name of one of the nominees for supervisor in the democratic column. By so doing, they cast one vote for each of the offices to be filled at that election, and nothing more.

If the electors aforesaid had placed a cross in the square to the right of each nominee in the republican column they would have accomplished precisely the same result as they did by placing the cross in the circle at the head of said column,—they would have voted once for each nominee in said column; but they would not thereby have fully exhausted their right to vote. They were clearly entitled to vote for one other person for the office of supervisor, and that right could be legally exercised in the manner they adopted, or by placing the name of the person they desired to vote for in the blank column, immediately under the title "Supervisor." The Act of June 10, 1893, as amended by that of July 9, 1897, P. L. 232, is too plain to leave any room for doubt on that subject. Section 14 provides : "That a voter may designate his choice of all the candidates of a political party by one cross (×) in the circle above such column, and such mark shall be equivalent to a mark against every name in the column." It further provides that "the ballots shall be so printed as to give to each voter a clear opportunity to designate his choice of candidates by a cross (×) mark in a square of sufficient size at the right of the name of each candidate and inside the line enclosing the column."

The appellees and the court below appear to have been misled by the fact that the republican column contained one nominee less than the number of offices to be filled at that election. Each voter had a right to vote for two persons for the office of supervisor, and those who voted for every nominee in the republican column had still the right to one additional vote for the

office of supervisor.   Aside from the exceptions created by that instrument itself, the constitution guarantees to each elector the right to vote for one person for each office to be filled by election in his district.

The learned judge was clearly mistaken in holding that Newberry Township's Election, 187 Pa. 297, "settles the law applicable to this case."   As to its material facts, as well as the principle involved, that case is unlike the one now under consideration.   As was well said by the learned counsel for appellant, each column on the ballot in that case contained names of candidates for all the offices to be filled or voted for, so that when the voter had marked a cross in the circle at the head of the column he had exhausted his privilege of voting, and could not of course vote for any other person in another column, nor could he indicate his choice by erasures or by striking out names by pencil marks.   This undoubtedly was not marking the ballot as directed by the act.   On the contrary, it was such an unauthorized mutilation of the ballot as made it uncertain what the intention of the voter was, and therefore required its rejection.   In the case before us the republican column on the ballot was incomplete.   Two persons were voted for and elected to the office of supervisor.   The name of only one person for that office was in said column, while the names of two persons for the same office were in the democratic column.   By voting the republican ticket by placing a cross in the circle the voters had not exhausted their privileges, and they therefore had the undoubted right of voting, as they did, for one candidate for supervisor in the democratic column.

We are all of opinion that the learned court erred in holding otherwise, and accordingly the specifications of error are all sustained.

The decree of the court below is reversed and set aside, and it is now considered and adjudged that the eleven contested ballots were legal, and having been rightly counted for the appellant the return of the election board was and is correct, and the same is accordingly confirmed.   It is further ordered that the costs of the proceeding, including the costs of this appeal, be paid by the petitioners.