CHARLES C. ARNOLD, Appellee, *vs.* JOHN T. KEIL, Appellant.

*Opinion filed December 21, 1911.*

1. ELECTIONS—*when failure to make a third candidate a party to election contest petition is not fatal.* Failure to make a third candidate a party to an election contest proceeding between the two higher candidates is not fatal, where the result of the canvass shows he had no rights which would be affected by the decree.

2. SAME—*when ballots are properly preserved.* Ballots must be regarded as properly preserved even though the judges of election placed no impression on the sealing wax with which the bag containing the ballots was fastened and though the combination of the safe in which they were placed by the village clerk had not been changed since its use by the former clerk, where the village clerk carried the only key to the inner door of the safe, which he testifies was never unlocked, except by himself, after he took charge of the bag, and where he testifies that the condition of the bag is unchanged, and there is no evidence to the contrary or to show that any other person had access to the safe.

3. SAME—*unexplained pencil crosses on back of ballot constitute a distinguishing mark.* Pencil crosses on the back of a ballot must be treated as constituting a distinguishing mark where no attempt is made to explain their presence.

4. SAME—*irregular cross resembling letter T does not vitiate ballot.* The fact that the cross in the square before a candidate's name is irregularly-shaped, similar in form to the letter T, does not justify rejecting the ballot as to such candidate.

5. SAME—*writing names on blanks does not constitute distinguishing mark.* The writing of names on blank spaces in a ticket does not constitute a distinguishing mark, even though names so written in are printed on another ticket and voted for by crosses.

6. SAME—*erasure of crosses or names of candidates does not vitiate ballot.* The erasure of crosses and candidates' names by drawing pencil lines horizontally through the names or crosses, or by blackening the square where the cross was made, does not constitute a distinguishing mark or amount to mutilation of ballot.

7. SAME—*when ballot should be counted for certain candidates.* If a ballot is properly marked for a candidate for the office of president of the board of trustees it should be counted for him, even though the voter has voted for so many candidates for the office of trustee that the ballot cannot be counted for any of them.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

GEORGE J. JOCHEM, for appellant.

J. P. ST. CERNY, (W. B. COONEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an election contest brought by appellee, Charles C. Arnold, in the circuit court of Tazewell county, against John T. Keil, as to the office of president of the board of trustees of the village of East Peoria. The election was held April 18, 1911. According to the returns of the judges of election and the canvass by the village board of trustees, Keil, the People's Party candidate, received 134 votes, Arnold, the democratic candidate, received 131 votes, and Edward W. Tucker, the independent candidate, 69 votes, Keil being declared elected. As a result of the contest in the circuit court a decree was entered finding that Arnold had received 142 votes, Keil 134 and Tucker 69, and that Arnold was elected. Keil thereupon prayed and was allowed an appeal to this court.

Appellant contends that the decree should be reversed because Tucker, the independent candidate, was not made a party. A demurrer filed on this ground was overruled.

Thereupon appellant answered, admitting the allegations of the petition concerning the matters alleged therein prior to the count of the ballots by the judges, but denying that the ballots were counted improperly, and also denying that they had been properly kept so as to entitle them to be introduced in evidence on a re-count. The answer also alleges that Tucker was a necessary party and had not been joined as a defendant, and that the court was without jurisdiction. After the demurrer of a party to a suit has been overruled and he has answered, he thereby waives all questions that must be raised by demurrer and can have advantage on the final hearing of the whole case only as to matters of substance, when it appears, upon a consideration of all the pleadings and the proof, that the complainant is not entitled to the relief sought. (*Kesner* v. *Miesch,* 204 Ill. 320.) In *Elmendorf* v. *Taylor,* 10 Wheat. 152, Chief Justice Marshall laid down the rule that an objection as to the want of parties does not affect the jurisdiction but addresses itself to the policy of the court; that "courts of equity require that all parties concerned in interest shall be brought before them that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself and is subject to its discretion. * * * Being introduced by the court itself for the purposes of justice, it is susceptible of modification for the promotion of those purposes." (Mitford & Tyler's Pl. & Pr. in Equity, [1876] p. 18.) While it would have been better practice to have made Tucker a party, the result of the canvass showed that he was not a necessary party for the purpose of entering a proper decree. (*Brents* v. *Smith,* 250 Ill. 521.) Had it been shown on the hearing that Tucker received more votes than either of the other candidates for president of the board, no decree affecting his rights could have been entered as he was not made a party.

Appellant further contends that the ballots were not properly preserved after the election and should not have

been received in evidence to contradict the returns of the judges. When the ballots have been properly preserved they are the best evidence of the result of the election, but for them to control it must affirmatively appear that they have been preserved substantially in the manner required by law, by the proper officers. (*Beall* v. *Albert,* 159 Ill. 127; *Graham* v. *Peters,* 248 id. 50; *Brents* v. *Smith, supra.*) This record shows that the village clerk received the returns from the judges about ten minutes after the completion of the count; that before taking the bag of ballots from the ballot-box he called up the county judge and asked his advice as to the manner of taking care of the ballots; that he thereupon took the sealed bag of ballots from the box and placed it in a safe situated in the council chamber, on the second floor of the village hall; that access to the council chamber was comparatively easy, but that the outer door of the safe was locked by a combination and an inner door by a key. The combination had not been changed since its use by the former village clerk. The present village clerk had the only key to the inner door, and this door had never been unlocked since the ballots were placed in the safe, except by himself. He testified that the bag containing the ballots was in the same condition as when returned to him by the judges. This bag was fastened with sealing wax, but no impression was placed by the judges on the wax. No evidence of any kind was offered indicating that any other person had had access to the safe. It is insisted that it was shown on cross-examination that the village clerk did not testify positively that other persons had not had such access. A reading of his entire testimony does not uphold this claim. The trial judge saw the bag before it was opened and heard the testimony of the witnesses on this point, and stated that he thought the ballots had been preserved substantially as required by law. From this record we reach the same conclusion.

The original ballots are certified to this court with the record. There are 134 uncontested Keil ballots, 126 uncontested Arnold ballots and 69 uncontested votes for Tucker. One ballot is not marked in any way for president of the board of trustees. The 16 remaining ballots are all objected to by appellant as improperly counted for appellee.

Ballot A has three lead pencil crosses on the back. No attempt was made by the evidence to explain how these crosses came to be there. In this state of the record we are disposed to hold that they are distinguishing marks, and the ballot should not have been counted for appellee. *Brents* v. *Smith, supra,* (p. 529.)

It is not indicated in the brief why ballots B and C are objected to. They were properly counted for appellee.

Ballot E has an irregularly-shaped mark, similar in form to the letter T, in the square before the name of appellee. This ballot was properly counted for appellee. *Parker* v. *Orr,* 158 Ill. 609; *Brents* v. *Smith, supra.*

Ballots D, F and G are objected to on the ground that the crosses in the square before the name of Arnold are so drawn as to make them distinguishing marks. We can not so hold. They were properly counted for appellee.

Ballot H has a cross in the democratic circle and crosses in the squares before the names of Crawford and Dennis, two independent candidates for trustee, and a cross in the square before the name of Martin, People's Party candidate for police magistrate. On the democratic ticket there were only printed the names of the candidate for president and one trustee, with blank lines opposite the other two squares for trustees and the square for police magistrate. The voter who cast this ballot wrote in the democratic ticket, on the blank lines, the names of Crawford and Dennis for trustees and Martin for police magistrate. It is contended that the writing in of these names when they were already printed on the ballot and voted for by crosses, constituted

distinguishing marks. We held otherwise in *Smith* v. *Reid,* 223 Ill. 493. The vote was properly counted for Arnold.

In ballot I the voter made crosses in the three democratic squares for trustee, and then erased them and made crosses in the squares before three independent candidates for trustee. Under the holding of this court in *Brents* v. *Smith, supra,* the erasure of these crosses did not mutilate the ballot or make distinguishing marks thereon.

In ballots J, K and M the voters properly expressed their choice for Arnold for president of the board by a cross in the square before his name but voted for four candidates for trustees. While this would make it impossible to count the ballots for any candidate for trustee it would not in any way affect the vote for president, and the three ballots should be counted for Arnold.

In ballots L, N, O and P it is objected that each of the ballots has a distinguishing mark, because the voters in two cases crossed out the name of a candidate by lead pencil marks drawn once or twice horizontally through the name, and in two cases marked out a cross, once by parallel lines and once by filling in the square with pencil marks. These erasures are not as to president of the board. In all four ballots a cross is properly placed in the square before the name of Arnold. We have held that such erasures do not mutilate the ballot or constitute distinguishing marks. *Brents* v. *Smith, supra; Kerr* v. *Flewelling,* 235 Ill. 326; *Winn* v. *Blackman,* 229 id. 198.

Adding to the 126 uncontested Arnold votes the 15 contested ballots that we have counted for him gives him 141 votes, or seven more than the 134 that it is agreed were properly counted for appellee, Keil. Arnold was therefore properly declared by the trial court to be elected.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*