EARL CONSTANT, Appellee, *vs.* HARLAN SHOCKEY, Appellant.

*Opinion filed October 28, 1913.*

1. ELECTIONS—*ballots must be properly preserved in order to prevail over the returns.* The ballots are the best evidence of the result of the election, provided it affirmatively appears that they have been preserved substantially in the manner required by law.

2. SAME—*what does not necessarily discredit the ballots as the best evidence.* The fact that the judges of election sealed the canvas bag containing the ballots in the center of the flap instead of entirely across it, and that the town clerk left the bag over night in an unlocked drawer of a desk in his house to which the members of his household had access, does not necessarily destroy the force of the ballots as the best evidence of the result of the election, there being evidence that the ballots were in the same condition as when canvassed and no claim that they were tampered with.

3. SAME—*the voter's intention, if it can be ascertained, should control.* The voter's intention, if it can be ascertained, should control in determining for whom the ballot should be counted, and

effect will be given to the ballot, even though it is not in ·strict conformity to the law, if the intention can be ascertained and the secrecy of the ballot is not violated.

4. SAME—*when variations in name of a candidate do not nullify the ballots.* Where the only candidates for highway commissioner in the district are named Harlan Shockey and Earl Constant, and it is shown that the only other person in the township named Constant was Frank Constant, ballots having the name of one of the candidates for that office written in as "Erl Constent," "E. Constant," "Earl Consted," "E. Conson," "Erl Constant," "E. Constance" and "Earl Conson" are properly counted for the candidate Earl Constant.

5. SAME—*rule where one ticket is marked in circle and with a cross in square on another ticket.* Where a ballot is marked with a cross in the circle at the head of one ticket and with a cross in the square in front of the name of some candidate for office on another ticket the ballot should be counted as a vote for all candidates on the ticket marked in the circle except the candidate for the office in which the square is marked, and as to such office the ballot should be counted for the candidate on the other ticket, as indicated by the cross in the square; and it makes no difference that ·his name is written in on a blank space instead of being printed on the ballot.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

McCORMICK & MURPHY, for appellant.

KING & MILLER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition filed in the county court of Logan county by appellee, Earl Constant, to contest the election of appellant, Harlan Shockey, for the office of commissioner of highways of district No. 3 in Hurlbut township, in said county. A re-count of the ballots thereunder resulted in the court finding a tie. Upon lots being drawn by direction of the court, appellee drew the one entitling him to a commission and was declared elected. From that judgment this appeal has been prosecuted.

The election was held at the town hall April 1, 1913. The official ballot contained a democratic column with a circle at the head, and thereunder was printed the name of the candidate for supervisor, and following that the name of the candidate for justice of the peace, each with an appropriate square at the left. Below that, under the heading, "For Commissioner of Highways District No. 3," was a blank line for writing in the name of a candidate for that office and a printed square at the left. At the right of the democratic ticket was printed the republican ticket, with a party circle at the head and blank lines, squares and appropriate headings as to candidates for supervisor and justice of the peace, and the name of appellant, Harlan Shockey, preceded by a square, with the proper heading, as a candidate for commissioner of highways, said Shockey's name being the only one printed on the republican ticket. The returns made by the judges and clerks stated that Shockey had received fifty-one votes and Constant forty-six votes. These were so canvassed and the certificate issued to Shockey.

On the hearing of the contest in the county court the ballots were produced by the town clerk. Appellant objected to their being received in evidence to contradict the returns. It appears from the testimony of the town clerk that at the close of the canvass the ballots and other returns were given to him by the judges and clerks; that he went to a livery stable and had his horse hitched up and took the ballots in his buggy to his farm house, about two and a half miles from the town hall, where he put them in an unlocked drawer in a desk in his dining room. The persons who constituted his household were himself, his wife, a nineteen-year-old son, and a young man who was hired to help on the farm. All of these persons came and went at will in the dining room, in which the desk was situated. There is no evidence or suggestion that they or anyone else interfered in any way with the ballots. Before

being taken from the polling place on the night of the election the ballots had been placed in a canvas sack and the flap sealed, near its center, with sealing wax, leaving openings on either side of the seal. The town clerk testified that the canvas sack, as to the seal and in other respects, and the ballots therein, were in exactly the same condition as when turned over to him. When the ballots have been properly preserved they are the best evidence of the result of the election, but for them to control it must affirmatively appear that they have been preserved substantially in the manner required by law. (*Arnold* v. *Keil,* 252 Ill. 340.) The law requires the judges to seal the flap of the canvas bag entirely across and that the town clerk shall deposit the ballots in some secure place to which no one had access but himself. The trial judge saw the sack before it was opened, heard the testimony of the witnesses on this point and found that the ballots were in the same condition as when canvassed by the judges. On this record we are not disposed to hold otherwise.

Objection was made by appellant to the counting of twelve ballots for appellee, and the original ballots have been certified as a part of this record. Each of these ballots has the name of Earl Constant, or some other name which appellee contends is equivalent, written in pencil in the blank line for the office of commissioner of highways on the democratic ticket. Nine of these ballots are objected to because, it is contended, the name as written is not the name of appellee. These names so written are substantially as follows: (1) Erl Constent; (2 and 3) E. Constant; (5) Earl Consted; (8) E. Conson; (9 and 10) Erl Constant,—the objection to these last two apparently being that they are illegible; (11) E. Constance; (12) Earl Conson. We think there is little force in the objection that any of the names are illegible. It was testified that the only other person in the township named Constant, beside appellee, was one Frank Constant, and that the only persons

running for the office of highway commissioner at said election were appellant and appellee. When the question is for whom a ballot should be counted, the intention of the voter should, if possible, be ascertained, and when ascertained it must control. (*McKinnon* v. *People,* 110 Ill. 305.) It has always been held that if the intention of the voter can be ascertained from his ballot, though not in strict conformity with the law, effect will be given his ballot. (*Parker* v. *Orr,* 158 Ill. 609.) In this last case the court also said that the Australian Ballot law of 1891 did not change the rule in this regard, "unless to give effect to such intention would destroy the secrecy of the ballot." (See, also, *Rexroth* v. *Schein,* 206 Ill. 80; *Page* v. *Kuykendall,* 161 id. 319.) In *Clark* v. *Robinson,* 88 Ill. 498, in a contest between E. E. Clark and W. E. Robinson for the office of clerk of the circuit court, it was held that a ballot cast for "E. Clark" for clerk of the circuit court and another for "Clark" should be counted for E. E. Clark, and that three votes cast, respectively, for "W. E. Robso," "Robertson" and "W. E. Robers" for clerk of the circuit court should be counted for W. E. Robinson. In *Kreitz* v. *Behrensmeyer,* 125 Ill. 141, where John B. Kreitz and Charles F. A. Behrensmeyer were candidates for county treasurer, it was held, on proof offered that John B. Kreitz was ordinarily known and called John Kreitz, while John M. Kreitz, living in the same county, was ordinarily known and called Matt Kreitz, that some ballots bearing the name of John M. Kreitz for county treasurer should be counted for John B. Kreitz. In *Behrensmeyer* v. *Kreitz,* 135 Ill. 591, (a second hearing on the same contest,) it was held that a ballot for "F. A. Behrn" was intended as a contraction of the name of Charles F. A. Behrensmeyer and should be counted for him. In the same case, where the name of Behrensmeyer was erased and "Kri," in pencil, written to the right of it and reaching to the edge of the ticket, it was held the ballot should be counted as a vote for Kreitz. Un-

der the rule laid down in the decisions just referred to as to the intent of the voter governing if it can be ascertained, we think these ballots were properly counted by the trial court for appellee. This conclusion is strengthened by the reasoning of the author and his citation of authorities in McCrary on Elections, (4th ed.) chap. 15.

No question is raised in the briefs as to ballot No. 4 being counted for appellee. Ballots 6 and 7 are marked with a cross in the circle at the head of the republican ticket and have appellee's name properly written in on the blank line for highway commissioner on the democratic ticket, with a cross in the square in front of the name so written. Each of them has a cross in the circle at the head of the republican ticket, and one of them has a cross also in the respective squares on the democratic ticket before the names of the candidates for supervisor and justice of the peace. Appellant contends that under the provisions of the Australian Ballot law, as construed in *Sanner* v. *Patton,* 155 Ill. 553, these two ballots should not have been counted for appellee. The law authorizes the voter, if he so desires, to make a cross in the party circle and then a cross in the square before the name of any candidate on the other ticket or tickets for whom he wishes to vote, and provides that such a ballot should be counted for all candidates under the party circle except as to offices where the names of candidates in the other columns have been marked with a cross in the square. It is immaterial whether the name so marked with a cross in the square in the other column was that of a candidate whose name was written in. The fact that the cross in the party circle is made useless by reason of there being only one candidate on the ticket of such party does not change the method of counting the cross in the square before the name of a candidate on another ticket. These ballots were properly counted for appellee.

The judgment of the county court will be affirmed.

*Judgment affirmed.*