THE PEOPLE *ex rel.* Thomas M. Frazier, Appellee, *vs.*
C. H. ALTENBERG, Appellant.

*Opinion filed October 28, 1913.*

1. ELECTIONS—*decision of city council upon contest of election does not bar quo warranto by People.* A decision by a city council, on the contest of an election for the office of alderman, does not bar the remedy of the People by an information in the nature of *quo warranto* to oust the successful contestant from office. (*Snowball* v. *People,* 147 Ill. 260, followed; *Massey* v. *People,* 201 id. 409, distinguished.)

2. SAME—*when ballot is to be counted as indicated by cross in square.* Where the ballot for the election of alderman has three tickets and each ticket has the name of one candidate printed thereon, the ballot should be counted according to the cross in the square in front of the name of the candidate on one ticket even though a cross is made in the circle at the head of another ticket; and the cross in the circle is not to be regarded as a distinguishing mark under such circumstances, even though it is useless.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. DUANE J. CARNES, Judge, presiding.

CLIFFE & CLIFFE, for appellant.

LOWELL B. SMITH, State's Attorney, (H. S. EARLEY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an information in the nature of *quo warranto,* filed by leave of court in the circuit court of DeKalb county, against C. H. Altenberg, to inquire by what authority he held the office of alderman of the third ward of the city of Genoa, in said county. Appellant filed three pleas to this information, to which replications were filed concluding to the country, and *similiters* were filed thereto. The cause was submitted to the trial judge, and appellant was

held to have usurped the office of alderman and judgment of ouster was entered. · On appeal to the Appellate Court for the Second District that judgment was affirmed. The case is here on certificate of importance.

Appellant, Kline Shipman and F. W. Duvall were candidates for alderman of said third ward at the annual election held April 16, 1912, no other names being printed on the ballot. The judges of election counted forty-five votes for appellant, forty-five for Shipman and a less number for Duvall. The returns were canvassed by the city council and announced a tie, which was thereafter decided according to law and Shipman declared successful and seated as alderman. Appellant thereupon filed with the city clerk a petition for contest, making Shipman a defendant, and at a hearing had before the city council two ballots that had been counted for Shipman by the judges of election were rejected and appellant declared elected. He took the oath of office and entered upon his duties as alderman. The State's attorney then filed this information.

The city of Genoa was incorporated under the general act for the incorporation of cities, which provides that the city council shall be the judge of the election and qualification of its members. Two questions are presented for our decision:· First, was the decision of the city council on the contest final, or may the people afterwards, by *quo warranto* proceedings, oust the one whom the city council has seated? Second, if the circuit court had jurisdiction in the *quo warranto* proceedings, were said two ballots properly counted by the court for Shipman?

Common law courts of general and original jurisdiction have the power to inquire into the regularity of elections by an information in the nature of *quo warranto*. This jurisdiction remains even though statutes provide special proceedings for the contest of elections, unless "it appears with unequivocal certainty that the legislature intended to take it away." (1 Dillon on Mun. Corp.—5th ed.—sec. 379;

McCrary on Elections,—4th ed.—sec. 380.)   While a contrary rule has been followed in some jurisdictions, "the better considered doctrine, however, undoubtedly is that the existence of the statutory remedy does not oust the jurisdiction of the courts by *quo warranto* or prevent the people from resorting to this remedy to determine questions of usurpation of public offices." (High on Ex. Legal Remedies,—3d ed.—sec. 617a; see to the same effect, 17 Ency. of Pl. & Pr. 424; 15 Cyc. 395, and cases cited; 10 Am. & Eng. Ency. of Law, 800, and cases cited; 2 Spelling on Injunctions and Ex. Remedies,—2d ed.—sec. 1776.)   This court, in *Snowball* v. *People,* 147 Ill. 260, considered this question, and held that because the statute provided a mode for contesting elections it did not follow that the people, in their sovereign capacity, were thereby concluded from inquiring, by *quo warranto,* into usurpation of office; that the two remedies were distinct, one belonging to the individual in his individual capacity and the other to the people in the right of their sovereignty, stating (p. 266) : "This right of the people is not 'in any manner impaired by statutes granting to electors, in their private capacity as citizens, the right to contest the election of any person assuming to exercise the functions of an office.' " (High on Ex. Legal Remedies,—2d ed.—sec. 624.)   The doctrine there laid down has never been questioned by any decision of this court and has been quoted with approval by the authorities heretofore cited and by the highest courts of many of the States.   In *Pierce* v. *People,* 197 Ill. 432, this court held that the circuit and Appellate Courts were correct in entering judgment of ouster against an alderman in the city of Morris after the city council, as the result of a contest, had seated him.   While that opinion does not show that the case was an information in the nature of *quo warranto,* such was the fact, as shown by the records of this court.   The right to oust an official by information in the

nature of *quo warranto* was assumed without question in that case.

Counsel for the appellant concede that the reasoning in *Snowball* v. *People, supra,* is against their contention, but insist that this court has, in effect, overruled that decision in *Massey* v. *People,* 201 Ill. 409. A reading of the opinion in that case shows clearly that counsel are mistaken. That decision was on a question of pleading. The second plea there was very like the second plea in this case. A replication was filed thereto by appellee, to which appellant demurred. On motion the demurrer was permitted to stand as a demurrer to the second plea, which raised the question as to whether the allegations of that plea were sufficient to be replied to. In that case, after declaring the plea was good in substance, the court said that, "aside from the averments concerning the contest and decision, the plea, in substance, shows good title by the election." Neither are such cases as *Linegar* v. *Rittenhouse,* 94 Ill. 208, and *Keating* v. *Stack,* 116 id. 191, cited by appellant, any authority on this question. Those cases simply hold that the courts do not have jurisdiction to hear an election contest between individuals except under the special statutes providing for "election contests," in the sense that term is used in the statutes. As was said by this court in *Snowball* v. *People,* on page 266: "The true view to take of the subject is, that the proceeding by *quo warranto* is not strictly an election contest between two persons claiming the same office. That proceeding only determines that the person holding the office is, or is not, a usurper; but, ousting him, if the court finds against him, it adjudges the right to the office to no one.'" The salutary jurisdiction of common law courts to inquire, on behalf of the people, into usurpations of office should not be deemed taken away except in cases "where the legislative intent to this effect is plainly manifest." (4 Dillon on Mun. Corp.—5th ed.—sec. 1553.) Under the statutes and decisions the circuit and Appellate

Courts rightly held that the circuit court had jurisdiction to hear this case.

The only remaining question is as to whether the two ballots in question were properly counted by the trial court. The official ballots as furnished by the city clerk contained three tickets,—citizens' ticket, people's ticket, and citizens' ticket by petition,—each having the party circle at the head. · The only name on each of these tickets was that of the candidate for alderman,—Shipman on the citizens' ticket, Duvall on the people's ticket and Altenberg on the citizens' ticket by petition. The two ballots in question were each marked with a cross in the party circle of the citizens' ticket by petition and a cross in the square before the name of Kline Shipman for alderman on the citizens' ticket. It is insisted that by the cross in the circle at the head of the citizens' ticket by petition and the cross in the square before the name of Shipman the voter has marked more names than there are persons to be elected, so that it is impossible to determine his choice. There could be no force in this argument if there were more than one name on each ticket and a cross in the circle at the head of the citizens' ticket by petition and a cross in the square before the name of the alderman on the citizens' ticket. Under the statute, which has frequently been construed by this court, clearly if a voter puts a cross in the circle at the head of the ticket and a cross in the square before the name of a candidate on another ticket the ballot is to be counted for the candidate so indicated by the cross in the square. The mere fact that there is only one name on the ticket cannot alter this rule.

Neither is there any force in the contention that the crosses so placed on a ballot of this kind furnish distinguishing marks. Almost any mark made with a lead pencil or pen can be made and so put upon the ballot as to be recognized by the voter himself. Whether any marking on the ballot, by cross or otherwise, is a distinguishing mark

must be determined from an examination of the ballot, having in mind the general rules laid down by this court. This court has frequently stated that to be the law. (*Kerr v. Flewelling,* 235 Ill. 326, and cases cited.) In the recent case of *Grubb v. Turner,* 259 Ill. 436, we decided that a cross could be so made as to be a distinguishing mark, but there is nothing on these ballots, as shown in the record, that would justify any such conclusion from the crosses found thereon.

    The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*