# CHARLESTON.

## Sigler v. Board of Canvassers.

Submitted March 6, 1917.   Decided March 13, 1917.

1. Elections—*Ballots—Interpretation.*

In the interpretation of ballots cast at an election it will be presumed that each elector intended to exercise his full right to vote for as many candidates as there are offices to be filled at such election. (p. 786).

2. Same—*Ballots—Marks.*

Where, at an election there are two candidates to be elected for the same office, and upon one ticket there is only one candidate for such office, and upon another ticket there are two candidates therefor, a voter who marks his ballot by placing a cross in the circle under the emblem of the party having only one candidate for such office, and by placing a cross in the square before the name of the candidate of such other party directly opposite the name of the candidate of the party he has so selected by placing a cross in the circle under the emblem, it will be held that such voter intended to vote 'for the candidate for this office upon the ticket in the circle under the emblem of which he has placed a cross, as well as for the candidate on the other ticket in the square before whose name he has placed a cross. (p. 787).

Petition by Harold Sigler for a writ of mandamus against the Board of Canvassers of Marshall County and others.

*Writ denied.*

*Jas. D. Parriott* and *Chas. E. Carrigan,* for petitioner.

*Jas. F. Shipman* and *D. B. Evans,* for respondents.

Ritz, Judge:

There were two justices of the peace to be elected for Union District in Marshall county at the general election held in the month of November last. The petitioner and Paul Reidel were candidates upon the Republican ticket. Upon the Democratic ticket the respondent Robert G. Smith was the only candidate. His name was printed on the Democratic ticket under the designation "for justice of the peace" directly opposite the name of Paul Reidel, and petitioner's name was

printed on the Republican ticket under the like designation below the name of Reidel. Upon the face of the returns respondent Smith and Paul Reidel were elected as such justices of the peace. Petitioner demanded a recount of the ballots cast at said election, and as a result of said recount it was ascertained and declared that respondent Smith and said Reidel were elected.

At said election there were forty-four ballots cast, the interpretation of which determines this controversy. These ballots were maked with a cross in the circle under the Democratic emblem, and with a cross in the square before the name of Paul Reidel as a candidate for justice of the peace on the Republican ticket. There are no other marks upon the forty-four ballots in controversy. The board of canvassers counted these ballots for Robert G. Smith and for Paul Reidel. They were admittedly properly counted for Reidel, but the petitioner claims that they were improperly counted for Smith, his contention being that in as much as Reidel's name was directly opposite that of Smith the placing of the cross in the square before the name of Reidel had the effect to destroy the primary intention of the voter to cast a ballot for Smith as expressed by placing the cross in the circle under the Democratic emblem. If these ballots are rejected as votes for Smith, then Reidel and petitioner were elected as justices of the peace instead of Reidel and the respondnt Smith.

We have heretofore held that in the interpretation of ballots the canvassing officers are mandatorily required to give expression to the intention of the voter, if this intention can be fairly ascertained from the face of the ballot. We have also held in the case of *Shore* v. *Board of Canvassers*, 64 W. Va. 705, that it will be presumed that each voter intended to vote for the full number of candidates required to fill the offices for which there were candidates at the election. It must be borne in mind that not only is it the privilege of electors to vote for candidates for public office at all elections at which they are entitled to vote, but this is as well a high public duty, and it will be presumed that the intention of each elector, when he casts his ballot, is to perform his full duty

in this regard. The cross in the circle under the emblem of the Democratic party upon each of the ballots in question expresses the clear intent upon the part of the voters casting these forty-four ballots to vote the Democratic ticket. They undoubtedly belonged to that party. There is no other mark on the tickets except the cross in the square before the name of Paul Reidel, a candidate for justice of the peace on the Republican ticket. This primary intention of the voter will be given effect in counting the ballot, unless it is inconsistent with some specific or particular designation of a candidate upon some other ticket. It is contended by the relator that the mark in the square before the name of Reidel expresses an intent inconsistent with the primary intent of the voter to cast his ballot for all of the candidates on the Democratic ticket. We think the question here is how many names on the whole ballot were marked by these voters for the office of justice of the peace? The voter in each case expressed the clear and unequivocal intent to vote the Democratic ticket. Is this intent so far as the office of justice of the peace is concerned, overcome by placing the mark in the square before the name of Reidel? There were two justices of the peace to be elected. Placing the cross in the circle under the Democratic emblem had the effect of only designating one candidate for justice of the peace. Placing the cross in the square before the name of Reidel had the effect of designating another candidate for justice of the peace. This was only a designation by the voter of two candidates for this office, and it is just the exact number that he was entitled to vote for. We do not think there is anything inconsistent in his designation of Reidel as a candidate for whom he desired to vote for justice of the peace with his primarily expressed intention to vote for all candidates upon the Democratic ticket, in as much as he could vote for all of the candidates on the Democratic ticket and one candidate on some other ticket before he had performed his full duty as an elector. The presumption that the elector intended to perform his full duty by voting for as many candidates as there were offices to be filled would be overcome if he stopped by simply voting the straight Democratic ticket, but if he supplemented that ticket by selecting

a candidate for the office of justice of the peace upon another ticket he had gone to the limit of his rights in voting for candidates for that office.

It is insisted that the rule laid down in the case of *Shore v. Board of Canvassers, supra,* has the effect to reject these ballots as votes for the respondent Smith. It must be borne in mind that in that case upon each of the tickets upon which marks were made there was a full complement of candidates, and under those conditions the court held when a voter had selected a ticket which he desired to vote by placing a cross in the circle under the emblem at the head of the ticket, and then selected a candidate for justice of the peace on another ticket by placing a cross in the square in front of his name, this expressed the intent of the voter not to vote for the candidate upon the ticket he had first selected whose name was directly opposite the name of the candidate specifically designated. To hold otherwise in that case would have had the effect of saying that the voter had designated three candidates for justice of the peace for whom he desired to vote, and in as much as he was only entitled to vote for two his vote would be counted for the one specifically designated and rejected as to the others. The interpretation the court gave to the ballot made effective the presumption that the voter intended to exercise his full right by voting for as many candidates as there were offices to be filled. To hold that the ballots in this case could not be counted for the respondent Smith would have exactly the contrary effect, that is, it would say that the voter only made a choice of one candidate, when the presumption is that he intended to vote for two.

We are of opinion that these ballots were properly counted, and the writ of mandamus is therefore refused.

*Writ denied.*