## No. 11,313.

## WELLS *v.* PEOPLE, ex rel. DOLAN.

Decided September 28, 1925.

Quo warranto to adjudicate the title to the office of city councilman.  Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. MUNICIPAL CORPORATIONS—*Officers—Qualifications.*  In proceedings involving the office of city councilman of Denver, the contention that the board of councilmen is the sole judge of the qualifications of its members, overruled.

2. *Officers—Qualifications.*  Where the statute provides that a city council shall be the judge of the qualifications of its members, the power thus given is simply cumulative, and the concurrent jurisdiction of the courts is maintained.

3. *Officers—Term.*  Under a charter provision that city councilmen shall hold office until their successors are elected and qualified, a newly elected member being ineligible, it is held that his predecessor was entitled to the office, and the contention that he could be seated only by virtue of an election contest, is overruled.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, Mr. J. W. KELLEY, Mr. JAMES H. BROWN, for plaintiff in error.

Mr. GRANBY HILLYER, Mr. HORACE N. HAWKINS, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

RELATOR Dolan, hereinafter referred to as plaintiff, brought quo warranto against plaintiff in error Wells, hereinafter referred to as defendant, to adjudicate title to the office of councilman for district No. 8 of the City and County of Denver. Judgment was entered excluding defendant from said office and permitting plaintiff to continue therein. To review that judgment defendant prosecutes this writ and asks that it be made a supersedeas. His counsel have not favored us with any reply to plaintiff's brief.

From the complaint it appears that the City and County of Denver is a home rule city, chartered, organized and existing under article XX of the state Constitution; that all legislative powers of the city are vested in a board of councilmen, consisting of nine members, elected for two years, each from his respective district, who hold until their successors are elected and qualified; that among the requirements for eligibility are that the officer shall have resided in said city for three years and been a taxpayer therein for two; that plaintiff had at all times mentioned been such resident and taxpayer; that it is the duty of the election commission to canvass returns in a municipal election and issue certificates of election; that plaintiff was elected to the office in question May 15, 1923, received his certificate, qualified, and discharged the duties of the office until June 1, 1925; that he and defendant were both candidates at the succeeding election held May 19, 1925; that the election commission completed its canvass May 22, 1925, and issued its certificate to defendant; that defendant first became a resident of Denver October 1, 1923; that he had never been assessed any taxes therein prior to 1924, which tax he paid in 1925; that prior to September 1, 1923 defendant never owned any property in the City and County of Denver; that nevertheless, by virtue of his said certificate, defendant had intruded into said office and was discharging its duties; and that under the charter of said city the board of councilmen had no authority to pass upon the qualifications of its members.

To that complaint defendant demurred upon the sole ground "that the said complaint does not state facts sufficient to constitute a cause of action against this defendant." The demurrer was overruled and defendant having elected to stand thereon the judgment above mentioned was entered.

Defendant's eleven assignments of error are argued under three propositions: (1) That the board of councilmen is, by virtue of certain charter provisions, the sole judge of the qualifications of its members; (2) that said board is such judge by virtue of a legislative act; (3) that in no event could the court, by any judgment in this cause, seat plaintiff.

1. The objection is not well taken. The charter provision relied upon is found in the charter of 1904. Under that charter the legislative powers of the city were vested in a board of supervisors of seven members and a board of aldermen of sixteen, and the charter provided that "each board shall be the sole judge of the qualifications, election and returns of its own members." These boards were abolished by a new charter adopted in 1913 and amended in 1916 establishing the present board of councilmen. The language of the old charter is not applicable to the present board and the section is not reenacted or continued in force by the present charter.

2. The statute relied upon is a portion of section 9051, C. L. 1921, which reads: "They shall be the judges of the election returns and qualification of their own members."

If applicable its language has been otherwise construed. "Where the statute provides that the city council shall be the judge of the qualifications, election and returns of its own members, the power given is declared to be simply cumulative, and the concurrent jurisdiction of the courts is maintained." *Darrow v. People,* 8 Colo. 417, 421, 8 Pac. 661.

"Provisions substantially similar to the one before us have been held to create a cumulative remedy merely,

and not to inhibit proceedings by quo warranto." *People, ex rel. Barton v. Londoner,* 13 Colo. 303, 307, 22 Pac. 764.

3. The contention here is that plaintiff could be seated only by virtue of an election contest, and the principal authorities relied on are *Darrow v. People* and *People, ex rel. Barton v. Londoner, supra.* This objection is not well taken and said authorities are not applicable. The reason is that plaintiff had no cause for an election contest because he does not claim to have been elected against defendant. His complaint shows all the qualifications necessary to bring quo warranto. Having been elected at the preceding election and having the right and duty thereunder to hold until his successor had qualified the mere ousting of defendant would reseat him. *State, ex rel. Taylor v. Sullivan,* 45 Minn. 309, 47 N. W. 802, 11 L. R. A. 272, 22 Am. St. Rep. 729.

For the foregoing reasons the supersedeas is denied and the judgment affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.