[File No. 6418.]

STATE OF NORTH DAKOTA EX REL. P. O. SATHRE, Attorney General of the State of North Dakota, Respondent, v. M. P. QUICKSTAD, J. S. Graham, and E. C. Arnold, Appellants.

(268 N. W. 683, 107 A.L.R. 202.)

Opinion filed July 29, 1936.

*J. P. Cain* and *F. M. Jackson,* for appellants.

*Jacobsen & Murray,* for respondent.

Morris, J. This is a proceeding in quo warranto to test the right of the defendants to hold their respective offices as aldermen of the city of Hettinger. The defendant Quickstad was elected in 1933 and the defendants, Arnold and Graham, were elected in 1934. At the time they were elected the defendants were in arrears in the payment of their real or personal property taxes, or both.

The plaintiff contends that the defendants, at the time of their election and attempted qualification, were ineligible to hold their respective offices; that they are still ineligible, and should be ousted. The district court held that the defendants were ineligible and adjudged them guilty of usurping the office of city alderman of the city of Hettinger and ousted them, and further adjudged "that there be imposed on each one of said Defendants a fine in the sum of $100.00, to be collected and paid into the treasury of the state, to the credit of the school fund." The defendants appeal from a judgment of the district court and demand a trial de novo.

The court found that defendants were ineligible to hold their respective offices because of the following provisions of § 3585 of the Compiled Laws of North Dakota for 1913: "No person shall be eligible to the office of alderman who is not a qualified elector of and resident within the ward for which he is elected; provided, that in cities where aldermen are elected at large, he shall be a qualified elector of and resident within such city, nor shall he be eligible if he is in arrears in the payment of any tax or other liability due to the city."

The appellants first contend that it was the intent of the territorial legislature in the enactment of § 3585 to have it apply only to a tax or other liability due directly to the city, and that under our present system taxes are payable to the county treasurer and are collected by him even though they eventually go to the respective municipalities, and that, therefore, the defendants' delinquent taxes are not "due to the city" within the meaning of the above statute.

Included in the general tax levied on both the real and personal

property of these defendants are certain levies made for the purpose of supporting the city of Hettinger. The county treasurer is a statutory collecting agent. The tax which the defendants owed upon levies made by and for the benefit of the city of Hettinger were taxes due to the city of Hettinger, even though they are collected through a county officer.

It is further contended that the court has no jurisdiction to inquire into the qualifications of the defendants, or the question of usurpation of the office of city alderman, because § 3586 of the Compiled Laws for 1913 vests in the city council exclusive authority to "be judge of the election and qualifications of its own members."

Section 7971 of the Compiled Laws for 1913, provides that,

"An action may be commenced by the state, or any person who has a special interest in the action, against the parties offending in the following cases:

"1. When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authorities of this state:"

This provision appeared as § 534 of the Code of Civil Procedure of 1877, while the provision now known as § 3586 of the Comp. Laws, upon which defendants rely, did not appear in the laws until 1887 (Chapter 73, Art. 3, § 6). 2 McQuillin, Mun. Corp. 2d ed. § 491, discusses this question as follows: "The adjudications present some conflict as to whether such provisions render the council the final and exclusive judge in determining these matters. Courts have made the question depend upon the charter language and the proper construction to be given to it, and also on the constitution and the general laws of the state respecting contested elections and the proceedings relating to the remedy by quo warranto. Thus a charter provision that the council 'shall judge of the qualifications, election and return of the members thereof,' it has been held, does not make the council the final judge, and, hence, the courts may determine the right to the office of councilman on an information in the nature of quo warranto. The jurisdiction of the court remains unless it clearly appears that the intention was to take it away."

The legislature by a general law (now § 7971 of the Comp. Laws of

1913) provided that an action such as the one here involved might be maintained. Ten years later the legislature passed an act (now § 3586 of the Compiled Laws of 1913) providing that, "The city council shall be judge of the election and qualifications of its own members." The question to be determined, therefore, is, does the later special act deprive the courts of jurisdiction to judge the qualifications of a member of a city council? Unless the special act is incompatible with the general act, there is no appeal. In Dillon on Municipal Corporations, 5th ed. Vol. 1, § 379, it is said: "The principle is, that the jurisdiction of the court remains unless it appears with unequivocal certainty that the legislature intended to take it away." Applying this reasoning to the statutes in question, it cannot be said that by the enactment of § 3586 of the Comp. Laws the legislature intended to divest the courts of a part of the jurisdiction formerly conferred under § 7971 of the Comp. Laws. Cases may be found taking the contrary view, but we believe that the weight of authority and the better reasoning support the holding that under statutory language such as is here involved, the courts have jurisdiction to inquire into the right of a city alderman to hold or exercise the powers and duties of his office despite the provisions of § 3586, supra. State ex rel. Anderton v. Kempf, 69 Wis. 470, 34 N. W. 226, 2 Am. St. Rep. 753; State ex rel. Love v. Cosgrave, 85 Neb. 187, 122 N. W. 885, 26 L.R.A.(N.S.) 207; State ex rel. Bouldin v. Davis, 197 N. C. 731, 150 S. E. 507; People ex rel. Frazier v. Altenberg, 260 Ill. 191, 103 N. E. 67, Ann. Cas. 1914D, 272; State ex rel. Turner v. Fitzgerald, 44 Mo. 425; Wells v. People, 78 Colo. 77, 239 P. 726; People ex rel. Barton v. Londoner, 13 Colo. 303, 22 P. 764, 6 L.R.A. 444; Darrow v. People, 8 Colo. 417, 8 P. 661; McGregor v. Burlingame, 159 Cal. 441, 114 P. 566.

The defendants contend, that the real estate taxes were struck off and sold to the county, and that this sale constituted a payment of these taxes insofar as the defendants were concerned. They cite State v. Burleigh County, 55 N. D. 1, 212 N. W. 217. Conceding this contention for the purposes of this case would not help the defendants. All of them at the time of their election and qualification were indebted for personal property taxes which had not been extended upon the records against their real estate. A portion of such personal property taxes was due from each defendant to the city of Hettinger.

The last error urged by the defendants deals with the fine of $100.00 imposed upon each of them. Section 7979 of the Compiled Laws of North Dakota for 1913 provides that: "When, a defendant against whom such actions shall have been commenced shall be adjudged guilty of usurping, intruding into or unlawfully holding or exercising any office, franchise or privilege, judgment shall be rendered that he be excluded from such office, franchise or privilege and also that the plaintiff recover costs against him. The court may also in its discretion impose upon such defendant a fine not exceeding five thousand dollars, which fine when collected shall be paid into the treasury of the state to the credit of the school fund." This case comes to us for a trial de novo. These proceedings were instituted upon the relation of the Attorney General and are brought in the interest of the public. One of the defendants was elected in 1933 and the other two in 1934. They were permitted to qualify as aldermen and to serve until this action was brought in January 1936 despite the fact that all matters pertaining to their disqualification were of public record either in the city of Hettinger or Adams county. We have carefully scanned the record for evidence of any misconduct on the part of the defendants which might warrant this court in imposing a more drastic sentence than ouster from office. No fraud, either in connection with the election of the defendants or their services as councilmen, is alleged or proved. The defendants must be ousted from office because of a statutory disqualification. We do not believe that the evidence warrants further punishment of the defendants by the imposition of fines. The judgment appealed from will, therefore, be modified by striking out the provision assessing fines, and as so modified, it is affirmed.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.