(No. 32296.—

MOREY C. PIRES, Appellant, *vs*. ROBERT L. BRACKEN *et al.*, Appellees.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

FULTON, J., took no part.

L. C. MILLER, and STANLEY H. GUYER, both of Rockford, for appellant.

JOHN P. DEVINE, of Dixon, and ARTHUR A. SULLIVAN, of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Morey C. Pires instituted proceedings in the circuit court of Lee County to contest the election of Robert L. Bracken, Harry E. Wheat, and Leon A. Zick to the offices of circuit judges of the Fifteenth Judicial Circuit at an election held on June 4, 1951. On motion by defendants the amended complaint was dismissed. The plaintiff, having elected to stand upon his complaint as amended, appeals to this court.

The complaint as amended alleges that Wheat, Zick, and the plaintiff were the three Republican candidates, and that Bracken was the sole Democratic candidate; that three judges were to be elected; that after a canvass of the votes it was declared that Wheat received 10,256, Zick

received 10,639, Bracken received 8315, and plaintiff received 8252; and that commissions had issued to Wheat, Zick, and Bracken. It is then alleged that one or more persons in each of the 168 voting precincts marked the ballot by placing a cross in the circle before the name "Republican Party" and a cross in the square before the name of Robert L. Bracken, the Democratic candidate; that the ballots so marked were counted for Bracken but not for any of the Republican candidates; that such ballots should not have been counted for any candidate for circuit judge; and that by virtue of the counting of such ballots Bracken was wrongfully declared to have received more than 168 votes in excess of the number to which he was legally entitled.

The complaint further alleges that more than one voter in each precinct marked the ballot by placing a cross in the circle before the appellation "Democratic Party" and also placing a cross in the square before the name of one or two of the Republican candidates; that the ballots so marked were counted as casting one vote each for Bracken and the one or two Republican candidates before whose name or names a cross had been placed; that such ballots should have been counted only for the Republican candidates before whose names crosses had been placed; and that by reason of counting such a ballot as casting a vote for Bracken more than 168 votes were improperly counted as cast for him.

The relevant portion of the statute (Ill. Rev. Stat. 1949, chap. 46, par. 17-11) provides that the voter "shall prepare his ballot by making in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice for each office to be filled, or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (X) opposite thereto; and in case of a question submitted to the vote of the people, by making in the appropriate margin or place a cross (X) against the

answer he desires to give: Provided, however, if he shall desire to vote for all of the candidates of one political party or group of petitioners, he may place such mark at the appropriate place preceding the appellation or title under which the names of the candidates of such party or group of petitioners are printed, and the ballot so marked shall be counted as cast for all of the candidates named under that title: Provided, further, that the voter may place such mark at the appropriate place preceding the appellation or title of one party or group of petitioners and may also mark, at the appropriate place preceding the name or names of one or more candidates printed under the appellation or title of some other party or group of petitioners, and a ballot so marked shall be counted as cast for all the candidates named under the appellation or title which has been so marked, except as to the officers as to which he has placed such mark preceding the name or names of some other candidate or candidates printed under the title of some other party or group of petitioners, and as to such it shall be counted as cast for the candidate or candidates preceding whose name or names such mark may have been placed."

The law is clear in cases where only a single office is to be filled and only one candidate elected. In such cases, when a voter makes a cross in the circle of one ticket and in a square opposite a particular candidate's name on another ticket, the ballot should be counted for all candidates on the ticket having a cross in the circle, except the candidate opposing the one on the other ticket opposite whose name a cross is made in the square, and the ballot is counted as a vote for the candidate opposite whose name the square is marked with a cross. (*Humphrey* v. *Perry,* 310 Ill. 373, 378; *People ex rel. Frazier* v. *Altenberg,* 260 Ill. 191; *Constant* v. *Shockey,* 259 Ill. 496.) The specific marking controls the general, and the ballot cannot be counted for the candidate of the party whose circle is

marked, but, as to that office, only for the opposing candidate whose name is marked by a cross in the square.

In this case, however, three candidates were to be elected, and the ballot contained the names of three candidates on the Republican ticket and one on the Democratic ticket. In such cases it cannot be said that the latter is a candidate against any particular one of the Republican candidates. Each voter decides for himself whom he will regard as opposing candidates. (*Whittam* v. *Zahorik,* 91 Iowa, 23, 59 N.W. 57.)   In the first group of ballots alleged in the complaint the voter marked the circle of the Republican Party, thereby indicating he intended to vote for the three candidates for circuit judge named on that ticket, except as that intention was affected by his marking the name of Bracken, the only Democratic candidate for circuit judge. The latter is clearly designated in the manner provided by law as a candidate for whom the ballot must be counted, but the voter has given no indication of a preference among the Republican candidates. Three of the four candidates were to be elected, and, as the voter marked the circle of the Republican party and did not mark any of the squares opposite the names of the Republican candidates, it cannot be determined for which two of the Republican candidates he intended to cast his ballot. The ballot was intended to be cast for the Democratic candidate, however, and that intention was expressed in the manner provided by law. It was proper, therefore, to count all such ballots for Bracken and not for any other candidate for circuit judge.

A similar result was reached in *Whittam* v. *Zahorik,* 91 Iowa, 23, 59 N.W. 57, wherein the statute contained provisions identical with those involved in the case at bar. In that case three justices of the peace were to be elected. The ballot contained the names of three Republican candidates and three Democratic candidates. Whittam, one of the Republican candidates, filed an action to contest the

election of Zahorik, one of the Democratic candidates. As to some of the ballots in dispute, each was marked with a cross in the circle preceding the party appellation "Democratic" and with a cross in the square preceding the name of Whittam, a candidate on the Republican ticket. Zahorik contended that in all such ballots more names were marked for the office than there were persons to be elected, and that the ballots therefore should not be counted for any of the candidates. In rejecting this contention the court said: "It is a case where it is impossible to determine the voter's choice for two of the places to be filled, not because he has marked more names than there are persons to be elected but because he has cast his ballot for three persons for places to which but two can be elected. His ballot was intended to be cast for the contestant, and that intention has been expressed in the manner provided by law. It should therefore be counted for him, but cannot be counted for any other candidate for the office of justice of the peace." In the case at bar plaintiff, in his brief, concedes the correctness of such a conclusion as to the first group of ballots in dispute, and admits that under the terms of the statute each such ballot would properly cast one vote for Bracken. He contends, however, that if the second type of ballot is properly counted as a vote for Bracken then a ballot of the first type should not be counted as a vote for him; that to count a ballot of each type as casting a vote for Bracken is inconsistent and contradictory, and results in inequality.

Before considering that contention we shall examine plaintiff's argument concerning the second group of ballots. In each of these ballots the voter marked a cross in the circle preceding the title "Democratic Party" and also marked the name of one or two candidates for circuit judge on the Republican ticket. Plaintiff insists that the language of the statute precludes counting any such ballot as a vote for Bracken. He points out that as to offices

where the voter has marked the name or names of some other candidate or candidates printed under the title of some other party, the ballot "shall be counted as cast for the candidate or candidates preceding whose name or names such mark may have been placed." Plaintiff then argues that this direction is exclusive; that under the present facts the statute says the ballot must be counted as casting one vote for every candidate on the Democratic ticket except for "the office" of circuit judge and as to "the office" of circuit judge the ballot shall be counted as cast for the Republican candidates whose names are marked; and that there is no warrant or authority to count the ballot for anyone else. The fallacy in this argument is the fact that there were three "offices" of circuit judge to be filled, rather than only one as assumed by the plaintiff. The word "office" is a term of variable import. It may be used either in a generic sense or in a specific or particular sense, and its meaning here must be determined with reference to the setting in which it appears. Having in mind the intent and subject matter of the law in question, we think the term is obviously to be read in the latter, or particular, sense. There were three "offices" of circuit judge to be filled, and three "officers" to be elected.

Each of the voters by whom the contested ballots were respectively cast had a right to vote once for each of the offices to be filled at that election. By placing a cross in the circle above the Democratic column the elector voted once for each nominee of that party except as to the offices to which he marked the name or names of a candidate or candidates in the Republican column, the circle of which was left unmarked. If the Democratic column had contained a complete ticket, none of the ballots in question could have been counted for a circuit judge candidate of that party, not because the voter failed to cast a vote for any such candidate but because it would be impossible to determine his choice for the remaining office or offices of

circuit judge to be filled at that election. This result would be required under the applicable statute, (Ill. Rev. Stat. 1949, chap. 46, par. 17-16,) which provides in part that "if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office."

But the Democratic column did not contain a nominee for every office to be filled. Three circuit judges were to be elected, and there was only one Democratic candidate. By marking the circle at the head of the Democratic column, the voter cast a vote for only one of the offices of circuit judge. Two remained to be voted on, and none of the ballots in question contained marks at more than two of the names on the Republican ticket. In view of the fact that there were three offices of circuit judge to be filled, any one of such offices as to which the voter marked the name of a Republican candidate is not the identical office of circuit judge as to which a vote was cast by marking the circle of the Democratic Party. From what we have said, it follows that the exception specified in the statute has no application here. Each of the ballots in question, being marked in the Democratic Party circle and in the squares opposite the name or names of one or two of the candidates on the Republican ticket, was properly counted as a vote for Bracken, the Democratic nominee, as well as a vote for the one or two Republican candidates whose name or names were marked. See *In re Election of Assessor in Gearhart Township,* 192 Pa. 446, 43 Atl 972: *Sigler* v. *Board of Canvassers,* 79 W. Va. 785, 91 S.E. 991.

It is clear that this was the intention of the voter. By the cross in the Democratic Party circle the voter could express a choice of candidates as to only one of the three offices to be filled. Two offices of circuit judge yet remained, for which he was entitled to express a choice among the three candidates on the Republican ticket. On some of the ballots the right was fully exercised by mark-

ing the names of two. On other ballots the right was only partially exercised, as the name of only one of the Republican candidates was marked. But in each such case the intention of the voter is clear and, as we have indicated, it was expressed in a manner permitted by the statute. Where the question is for whom a ballot should be counted, the intention of the voter, when it can be ascertained from his ballot, must control unless to give effect to such intention would destroy the secrecy of the ballot. (*Cray* v. *Davenport,* 333 Ill. 375; *Patterson* v. *Johnston,* 328 Ill. 101.) As there is no question here concerning secrecy of the ballot, it is clear that the present ones were properly counted as casting one vote each for Bracken and the designated Republican candidates.

Plaintiff's final contention is that the election is not equal, as required by the constitution, because the ballots of the second type, marked in the Democratic Party circle, were counted for the Democratic candidate, whereas those in the first group, marked in the Republican Party circle, were not counted for any Republican candidate. He argues that the present method of counting the ballots disenfranchises a large number of Republican voters who attempted to split their ballots, and at the same time gives full effect to the party vote of Democratic voters "who attempted to do the same thing, namely, to vote in the circle and to split his ticket on the office of Circuit Judge." The position is not well taken. As to the ballots in the first group, it was impossible to determine the voter's choice for two of the circuit judge offices to be filled, and for this reason the ballots could not be counted for such offices. Ballots in the second group, however, contained no such ambiguity or uncertainty. As to each such ballot the candidates for whom the votes were cast could be readily ascertained from an inspection of the ballot. This difference between the two types of ballot obviously justifies the difference in counting complained of by the plaintiff.

We conclude that each of the ballots in question was properly counted, and the judgment of the circuit court of Lee County dismissing the amended complaint is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE FULTON took no part in the consideration or decision of this case.